## No. 10,050.

### THE STATE OF LOUISIANA vs. GUILLAUME VALERE, ALIAS PETER VALERE.

It is not safe for counsel to charge that a case has been decided without having been fixed for trial where the minutes of the court show that it was regularly called and submitted, and where, after such submission, counsel file briefs in support of points made.

It is with little good grace that counsel complain that a decision delivered does not pass upon points made by him, where he himself admits that he has not read the reasons assigned, and where the opinion shows that the points were considered and overruled.

The grave charges made ought not to have been preferred at random, but with circumspection.

APPEAL from the Twenty-first District Court, Parish of St. Martin. Mouton, J.

M. J. Cunningham, Attorney General, for the State, Appellee.

E. Simon, F. Voorhies and Dan Voorhies, for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J.  The record teems with charges of error embodied in bills of exception, a motion for new trial and a motion in arrest of judgment, most of which require only the briefest mention.

1st.   The indictment is assailed as insufficient in law because the endorsement thereon did not specify the offense charged and because the foreman of the grand jury signed simply as "Foreman," without adding the words "of the grand jury." The objections are frivolous. State vs. Mason, 32 Ann. 1019; State vs. Granville, 34 Ann. 1089.

2d.   It is objected that the venire and indictment were not served two full days before the trial. The return of the sheriff showed the contrary, and it was not successfully contradicted.

3d.   The copy of the indictment served is assailed as not a true copy, because certain words endorsed on the original were not contained on the copy. The omission charged was utterly immaterial. 32 Ann. 1019.

4th.   Objections were raised to the method of summoning jurors *de talibus*, which have no force, and were sufficiently disposed of by the reasons given by the judge.

5th.   Certain defects in the minutes of the court were assigned as ground of the motion in arrest, whereupon the judge ordered the minutes to be corrected so as to conform to the facts. This he had the right to do, whenever his attention was called to the errors.

6th.   The claim that the accused was not present at all important proceedings on the trial, is not sustained. State vs. Price, 37 Ann. 215.

7th.   Defendant offered in evidence a deposition of one of the State's witnesses, taken before a justice of the peace, for the purpose of contradicting the evidence given by the same witness on this trial. The judge refused the same, without proof of the signature of the witness, which was by cross-mark, holding that the attestation thereof by the justice of the peace did not afford authenticity, because said justice had no jurisdiction, *ratione materiæ*, to swear witnesses and take down depositions in a murder case, and his action was *coram non-judice*, and gave no effect to the declaration other than that of a private writing.

The ruling was correct, and the reason sufficient.

8th.   After the foregoing ruling, defendant offered to prove the signature of the justice of the peace by a witness in court or by a comparison of hand-writing, which the judge refused to permit, on the ground that the testimony of the justice himself was the best evidence. And then the defendant moved for a delay of ten hours in order to enable him to secure the presence of the justice.

We fail to see what would have been accomplished by proving the signature of the justice; the matter requiring to be proved was the

signature of the witness. As that signature was by cross-mark, the justice, who attested it, was no doubt the best witness; but the judge assigns sufficient reasons for not granting th  delay applied for, in the lack of diligence displayed by defendant, who, though aware of the necessity of offering this evidence from the time when the witness to be contradicted had testified, took no steps to secure the witness until long afterward when the trial was nearly completed. Defendant was presumed to know the law, and cannot avail himself of the plea of surprise by rulings of the court, which were legal and proper, and should have been anticipated.

We have thus disposed of all the charges of error, none of which have the slightest merit.

Judgment affirmed.

---

### On Application for a Rehearing.

Bermudez, C. J. The judgment rendered herein on Nov. 8th is assailed on two grounds:

1st. That the case never was set for trial.

2d. That the court did not pass upon an important question presented by bill of exception to the admissibily of certain evidence.

### I.

The appeal was made returnable at Shreveport in October last.

In the country, cases are not fixed for any particular day, but are taken up in the order in which they stand on the docket.

The minutes of the court show that the case was called in its regular order, on October 17, and was *submitted* on briefs filed and to be filed.

On the following day, the Attorney General filed his brief, and on the 19th a brief on behalf of the accused was also filed.

On October 22, the court, considering, from appearances, that the issues presented demanded ample consideration—the accused being prosecuted for manslaughter, and having been sentenced to ten years at hard labor—ordered the case to be transfered to New Orleans, *not* for reargument, but for *final decision*.

Counsel for the defendant complains, urging that he had been informed by an attorney that the case had been transferred to New Orleans *there* to be *tried*.

This court is not responsible for the information thus conveyed to the counsel, who ought to have sought the same from the minutes.

Charges of such grave character ought not to be made at random, as was done in this instance, but with circumspection.

It thus appears that the case was regularly called, *submitted* and decided, and that the accused has no cause to complain.

II

The court took pains to consider the case, not only from the briefs of the State and of defendant's counsel, but also from the record, and did actually pass upon every point presented. Had counsel read the opinion delivered in the case, he would have found that his second objection is utterly groundless.

His complaint can hardly be deemed serious, when he himself, in his application for a rehearing, confesses that he has not read the opinion. If so, with what grace can he complain that his points have not been determined.

We have reviewed the opinion, and see no reason to disturb the conclusions reached.

Application refused.