State v. Gilson.

## THE STATE OF MISSOURI, Respondent, v. D. D. GILSON, Appellant.

### Kansas City Court of Appeals, November 6, 1905.

1. INDICTMENT: Signatures: Foreman: Attorney. It is sufficient that the foreman of a grand jury attach to his name the word "foreman" without adding the county, and so the prosecutor need only affix to his name the words "prosecuting attorney" without the addition of the county.

2. CRIMINAL PROCEDURE: Defendant's Cross Examination: Objection. Mere objections without reasons to the cross-examination of the defendant are insufficient.

3. ———: Venue. Venue is held sufficiently proven.

4. ———: Instructions: Verdict: Evidence. Instructions relating to counts in an indictment of which the defendant is acquitted can produce no harm; and evidence relating to the count on which he was convicted is held sufficient.

Appeal from Livingston Circuit Court.—*Hon. J. W. Alexander*, Judge.

AFFIRMED.

*L. A. Martin* for appellant.

(1) The indictment in this cause is fatally defective. There is no venue stated on the margin, and nothing to show that the deliberations of the grand jurors took place in Livingston county, Missouri. It is signed

by J. H. Lowe, foreman, and Frank S. Miller, prosecuting attorney. Whether J. H. Lowe was foreman of the grand jury or some other body, or whether Frank S. Miller was prosecuting attorney of Livingston county, Missouri, or Jackson county, Missouri, the defendant by this indictment is not advised. R. S. 1899, sec. 2527; R. S. 1899, sec. 2513. (2) The court committed error in permitting the prosecuting attorney, over the objections of defendant, in his cross-examination of defendant, to require him to testify to matters not brought out or in any way connected with the facts testified to by him in his examination in chief. State v. Graves, 95 Mo. 510; State v. Elmer, 115 Mo. 401; State v. Trott, 36 Mo. App. 29. (3) The venue of the alleged illegal sales of liquor was not proved. State v. Young, 99 Mo. 284; State v. Chiltin, 39 Mo. App. 51. (4) The court erred in refusing to instruct the jury to disregard the evidence of sales of liquor, made at other times by defendant to prosecuting witness, except the sales made on December 25, 1903, for there was no evidence that such sales were made, within one year, prior to the filing of the indictment. (5) The most apparent error in this record is instructions numbered 2 and 3, given by the court in behalf of the State.

No briefs for respondent.

ELLISON, J.—The defendant was indicted, tried, and convicted in Livingston county for selling intoxicating liquors without dramshop-keeper's license.

One point urged by defendant on his appeal is that the indictment is insufficient in that there is nothing to show that the deliberation of the grand jury was in Livingston county; and that it is signed by the foreman of the jury as "foreman," and by the prosecuting attorney as "prosecuting attorney," but that it should have been signed by the foreman as "foreman of the grand jury," and by the attorney as "prosecuting attorney of Living-

ston county." That by not adding the words "of the grand jury" to the word "foreman," and by omitting to add the words "of Livingston county" to the words "prosecuting attorney," there was nothing to sufficiently and properly designate these officers. The objections are without merit. The indictment recites that the grand jurors were summoned from the body of Livingston county, that they were duly impaneled, etc. That was sufficient.

Another point made is that the court permitted the defendant to be cross-examined on matters not adverted to in examination in chief. The objections were the mere statement that "defendant objects" without giving any reason. That alone was sufficient to justify the court's ruling; but in addition, we think the cross-examination permitted, as disclosed by the record, was proper.

We also think defendant mistaken in his statement that no venue was shown to the sales of liquor. The State's witness testified to sales made on the 25th of December, 1903, and after that, "every day or two; week or two." The witness did not remember with sufficient certainty to name the day of the month after the 25th of December. He bought a bottle of beer "a day or two before he came to the grand jury." He stated that he made the purchase at "Wheeling, Livingston county, Missouri," beyond question, referring to the purchases made of defendant.

We do not regard the objections to the instructions of the court as well founded. The defendant was indicted in three counts; the first charged a sale on the 25th day of December, 1903, and the second on January 1, 1904, and the third on January 14, 1904. He was found guilty on the first count only. There was no possible manner by which defendant could have been harmed by the instructions on the second and third counts. The real contest in the trial court was as to whether the prosecuting witness bought liquor of defendant on De-

cember 25th, as he is charged in the first count. On this, the evidence was ample to sustain a verdict. There was no error in refusing instructions offered by defendant.

We have examined all the points of objection urged for reversal and have concluded the case was fairly tried, and that we should not interfere. Judgment affirmed. All concur.