## SECURITIES AND EXCHANGE COMMISSION v. TORR et al.

District Court, S. D. New York.

Feb. 19, 1936.

John J. Burns, of Washington, D. C. (William V. Holohan, and Charles R. Kaufman, of Washington, D. C., of counsel), for plaintiff.

Gleason, McLanahan, Merritt & Ingraham, of New York City, for defendants John M. Torr, Randolph P. Mills, etc., and Ellery W. Mann.

Raymond L. Wise, of New York City (Robert L. Reed, of New York City, of counsel), for defendants Geoffrey H. Bonnell, Irving Warshauer, and others.

CAFFEY, District Judge.

At the oral argument on February 4 the relief sought, as defined in the orders to show cause of January 24 and January 25, 1936, was narrowed so that we have for consideration only requests for transcripts of the testimony given by the defendants before an official of the Commission.

Time is not available for extensive discussion. I content myself with saying that these propositions, bearing on the issue stated, seem to me true:

1. In provisions of the applicable statutes, prescribing functions of the Commission, distinction is drawn between a "hearing" and an "investigation." See, for example, sections 8 (d), 9 (a) and 21 of the Securities Act of 1933 (15 U.S.C.A. §§ 77h (d), 77i (a), 77u) and sections 22 and 25 (a) of the Securities Exchange Act of 1934 (15 U.S.C.A. §§ 78v, 78y (a) as to hearings; sections 19 (b) and 20 (a) of the Act of 1933 (15 U.S.C.A. §§ 77s (b), 77t (a) and sections 21 (a) and 21 (b) of the Act of 1934 (15 U.S.C.A. § 78u (a, b) as to investigations.

2. In the same way, throughout the regulations of the Commission the differentiation in use of the same two words is steadily, and, so far as I have discovered, uniformly maintained.

3. So far as concerns rules of the Commission, the defendants rest their contention wholly on the second sentence of subdivision (c) of rule 4.[1]

4. Rule 4 deals only with "hearings." It has no bearing whatever on "investigations."

5. Adoption of the rule, so construed, was within the power conferred on the Commission by section 19 (a) of the Act of 1933 (15 U.S.C.A. § 77s (a) and section 23 (a) of the Act of 1934 (15 U.S.C.A. § 78w (a).

6. It was neither in excess of nor an abuse of such power for the Commission to make the rule in the form adopted or to omit therefrom leave for a witness to procure a transcript of his testimony given during an investigation.

7. A proper purpose of a rule so framed would be, in the interest of those who appear before the Commission as well as in the interest of its work, to the extent it deemed fit and until it deemed disclosure not harmful, to preserve the secrecy of information gathered during investigations conducted by its direction or under its supervision.

8. I see nothing which a court is warranted in denouncing as unreasonable in such a policy by the Commission.

9. I fail to see, and indeed I do not conceive of, any deprivation of due process by denial to the defendants of copies of testimony given by them during an investigation carried on, upon instructions from the Commission, by one of its representatives.

10. If any defendant considered that answering a question propounded while he was testifying would violate his constitutional rights, it was incumbent on him at the time to assert his privilege. Section 22 (c) of Act of 1933 (15 U.S.C.A. § 77v (c); section 21 (d) of the Act of 1934 (15 U.S.C.A. § 78u (d). See, also, United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 113, 47 S.Ct. 302, 71 L.Ed. 560.

11. In absence of effort by the Commission to employ the deposition adversely to the person who gave it, it would be premature to inquire whether enforced self incrimination had rendered it inadmissible.

12. It is not within the province of the court to pass on the wisdom of a regulation adopted by the Commission. If Congress conferred on the Commission power to make a particular rule and the rule do not invade some right of a defendant, interference with it by a court would be a trespass outside of its own domain.

Motions denied. Settle order on two days' notice.

---

[1] "Rule IV. Hearings; Evidence. * * * (c). Hearings shall be stenographically reported and a transcript thereof shall be made which shall be a part of the record of the proceeding.

Transcripts will be supplied to the parties by the official reporter at such rates as may be fixed by contract between the Commission and the reporter."