## UNITED STATES v. MASCUCH.

District Court, S. D. New York.
Sept. 12, 1939.

John T. Cahill, U. S. Atty., by Robert L. Werner, Asst. U. S. Atty., both of New York City, for the Government.

Frank L. Miller, of New York City, for defendant.

BARRETT, District Judge.

Joseph J. Mascuch has made application for an order directing that he be furnished with a copy of the testimony taken at an investigation made by the Securities and Exchange Commission through its duly accredited representative, Charles T. Murphy. The testimony was rendered on April 12th, and 13th, respectively, 1939. Subsequent to its rendition and on the 14th day of June 1939, said Mascuch was indicted for perjury. The indictment is definite as to the particular testimony that was given in said investigation and pointed out with clarity wherein it was false. The present application is not founded exclusively upon any right prescribed by rule or statute but is based upon an alleged agreement made between the applicant through his then counsel, Courtland Palmer, and the said Charles T. Murphy, examiner. No evidence is furnished as to the said agreement other than a letter written by the said Palmer on May 26th, 1939, to said Charles T. Murphy, examiner, of which a copy was sent, among other persons, to Robert L. Werner, Assistant United States Attorney, Southern District of New York.

The pertinent portions of said letter are as follows:

"Thereafter, and before testifying, Mr. Mascuch demanded the right to examine his testimony before he was bound by the same, and before you made a report of it, so that he could correct any errors, inaccuracies or omissions in the same. To this you agreed.

"I hereby give you notice that Mr. J. J. Mascuch is not, and will not be bound by the testimony given before you, until he is given the opportunity of examining the said testimony, for the purpose of correcting any errors or omissions therein, in accordance with the stipulation made by you at the time his testimony was taken."

No explanation has been given as to why the said Palmer was not produced as a witness upon the hearing of this application. The said Murphy denies such an agreement, but it is admitted that for the purpose of correcting "possible typographical errors and errors in punctuation" opportunity would be given to Mascuch to make such corrections. The said Murphy denied emphatically that any agreement even resembling the one alleged by the applicant to have been made was made. The unreasonableness and the lack of justification for Murphy to have made such an agreement confirms his statement. The Court therefore finds that there was no such agreement.

Applicant does not distinguish between "investigations" by the Securities and Exchange Commission or its representative and "hearings." That they are totally different and that different rules apply about the furnishing of testimony is well established by the following cases: Securities and Exchange Commission v. Torr et al., D.C., 15 F.Supp. 144; Woolley v. United States, 9 Cir., 97 F.2d 258 (subsection 15.) Therefore instead of there being no rule sustaining the right of the applicant, there are these definite decisions to the contrary supporting the rule made by the said Commission.

Notwithstanding such decisions and the reasons for them, in order that I might be certain that no injustice was done this applicant, I have read the entire record of his testimony before the examiner and I am satisfied that there is no reason, aside from such regulations and decisions why the opportunity to have the transcription of the testimony copied would be of help to the said Mascuch in his trial. Of course I recognize that I am not his counsel and his

counsel might not agree if he had an opportunity of reading the testimony. There are many excellent reasons for sustaining the rule of such Commission as to testimony in making investigations. This Court, with others, is not unmindful of the duty to afford a defendant all reasonable opportunity for his having a fair trial, and I am not hesitant in declaring that by reason of this decision such character of trial will not be denied the applicant.

From the brief of counsel for applicant I quote: "It is respectfully submitted that the burden is upon the Government to establish beyond cavil that irreparable damage would result and that the disclosure would prejudice or handicap it in presenting its case."

I do not understand this to be the law. I further quote: "Rule, reason, decency and a proper sense of justice should combine to move this court to exercise its discretionary power for the relief sought."

Even counsel for applicant admits that there is no rule that requires the granting of this application. The statement quoted carried by implication that if the application be not granted, the court does not follow reason or decency or a proper sense of justice. I wonder if counsel thinks that it is very courteous or justified to subject a court which might not agree with the views of applicant to such criticism.

The prayer of applicant is denied.