## EDWARDS v. UNITED STATES.

### No. 2078.

Circuit Court of Appeals, Tenth Circuit.

June 29, 1940.

Rehearing Denied July 22, 1940.

J. Forrest McCutcheon, of Oklahoma City, Okl., for appellant.

Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl. (John Brett, Asst. U. S. Atty., of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS and BRATTON, Circuit Judges, and MURRAH, District Judge.

BRATTON, Circuit Judge.

An indictment containing eleven counts was returned against appellant and a co-defendant. The charges related to the formation of certain business trusts in Ok-

lahoma for the production of oil, the issuance, sale and delivery of units or certificates of beneficial interests in such trusts, the unlawful use of the mails, and the formation of an unlawful conspiracy. The first and second counts charged violations of section 17(a) (1) of the Securities Act of 1933[1], as amended[2], the third charged a violation of section 17(a)(2); the fourth charged a violation of section 5(a) (1); the fifth charged a violation of section 5(a) (2); the sixth, seventh, eighth, ninth and tenth each charged a use of the mails in furtherance of the scheme or artifice to defraud, in violation of section 215 of the Criminal Code[3].; and the eleventh charged the formation of a conspiracy to violate the provisions of the Securities Act and the mail fraud statute, in violation of section 37 of the Criminal Code[4].

A demurrer to the indictment and a plea in bar thereto were severally denied, and a plea of nolo contendere was thereafter interposed. The court found appellant guilty of the offenses charged and sentenced him on each count to a term of three years in the penitentiary with provision that the sentences should run concurrently.

 The plea in bar alleged that on three separate occasions, in response to subpoenas duces tecum issued and served upon him, appellant appeared before an officer of the Securities and Exchange Commission with the books and records called for in such process, and despite his claim of immunity against self incrimination and under compulsion testified under oath in respect of his identity and relationship to various trusts and organizations which were the subject matter of this prosecution, and that the evidence adduced by the commission had been transmitted to the Attorney General for criminal prosecution. The prayer was that the court require the commission to produce and submit to him a transcript of his testimony, that he be heard on the merits of the plea, and that the testimony having been given in such circumstances the prosecution be barred and the charges dismissed. Section 19(a) of the Act empowers the commission to make rules and regulations, and Rule IV, promulgated under such authority, provides that hearings shall be stenographically re-

ported and that the official reporter will furnish transcripts to the parties at such rates as may be fixed by contract between the commission and the reporter. But the act authorizes the commission to conduct investigations and hearings, and the rule is plainly limited to hearings. It has no application to testimony taken in the course of investigations as distinguished from hearings. In re Securities and Exchange Commission, 2 Cir., 84 F.2d 316, reversed with direction to dismiss on the ground that the cause was moot, Bracken v. Securities and Exchange Comm., 299 U.S. 504, 57 S.Ct. 18, 81 L.Ed. 374; Securities and Exchange Commission v. Torr, D.C., 15 F. Supp. 144. While certain allegations in the plea refer to the proceedings before the commission as hearings, it is nowhere alleged that they were hearings. For aught that appears in the plea petitioner may have appeared and testified in the course of an investigation as distinguished from a hearing. In such event he was not entitled to a transcript of his testimony. In re Securities and Exchange Commission, supra; Securities and Exchange Commission v. Torr, supra. Moreover, the rule does not purport to provide that a court shall in a criminal case direct the furnishing of such transcript. At most the prayer that the transcript be furnished was addressed to the sound discretion of the court, and it cannot be said that the court abused such discretion in denying it.

 Section 22(c) of the act provides that no person shall be excused from testifying or producing books or documents before the commission or any officer designated by it on the ground that the testimony or documentary or other evidence required of him may tend to incriminate him or subject him to a penalty or forfeiture; but that no individual shall be prosecuted for or on account of any transaction, matter or thing about which he is compelled to testify, after having claimed his privilege against self incrimination. The burden rested upon appellant to prove that he was served with process requiring him to appear and produce certain books and records relating to the subject matter of the prosecution, that he claimed his immunity against self incrimination, and that despite such claim he was required to testify concerning his iden-

[1] 48 Stat. 74, 15 U.S.C.A. § 77a et seq. seq.

[2] 48 Stat. 881, 15 U.S.C.A. §§ 77b et seq., 78a et seq.

[3] 18 U.S.C.A. § 338.

[4] 18 U.S.C.A. § 88.

tity and relationship to the trusts and organizations referred to in the indictment. The record fails to indicate that any evidence was offered to sustain these allegations of fact. And in the absence of such evidence the plea was properly denied. Lee v. United States, 5 Cir., 91 F.2d 326, certiorari denied 302 U.S. 745, 58 S.Ct. 263, 82 L.Ed. 576; Williams v. State, 6 Okla.Cr. 373, 118 P. 1006; Robbins v. State, 12 Okla. Cr. 294, 155 P. 491; Salyers v. Commonwealth, 274 Ky. 284, 118 S.W.2d 208.

 The demurrer challenged each count in the indictment. Count ·eleven charged in conventional language a conspiracy to sell the securities and to use the mails in connection therewith in violation of the Securities Act and of the mail fraud statute. That count was attacked on the single ground of failure to charge that the securities were not of the class exempted under section 3 of the Securities Act, as amended. The section provides that the provisions of the title shall not apply to the classes of securities described therein, and that the commission may from time to time add other classes to the exempted categories. The effect of the statute is to except from the scope and operative effect of the title the described classes of securities and others which may be added by the commission. It is clear from the face of the count that the securities described therein do not come within the classes described in the statute. Ordinarily an exception created by a proviso or other distinct or substantive clause of a criminal statute need not be negatived in an indictment. One relying upon such an exception must set it up and establish it. Ledbetter v. United States, 170 U.S. 606, 18 S.Ct. 774, 42 L.Ed. 1162; McKelvey v. United States, 260 U.S. 353, 43 S.Ct. 132, 67 L.Ed. 301; Nicoli v. Briggs, 10 Cir., 83 F.2d 375; Knight v. Hudspeth, 10 Cir., 112 F.2d 137, decided May 20, 1940. And an indictment charging a conspiracy to violate a statute need not negative an exception contained in such statute either by proviso or other distinct or substantive provision. Manning v. United States, 8 Cir., 275 F. 29. We have no difficulty in reaching the conclusion that count eleven charged an offense and was not open to the attach directed against it.

 The other counts were challenged on entirely different grounds. But there is

no need to explore the questions presented in connection with them as the well recognized rule is that a judgment will not be disturbed on appeal where there was a general verdict or finding of guilt on an indictment containing several counts, some of which are good and some fatally bad, and the sentences run concurrently and do not exceed that which was properly imposed under the good count or counts. Claassen v. United States, 142 U.S. 140, 12 S.Ct. 169, 35 L.Ed. 966; Haynes v. United States, 8 Cir., 101 F. 817; Bartholomew v. United States, 6 Cir., 177 F. 902, certiorari denied, 217 U.S. 608, 30 S.Ct. 697,ᵤ 54 L.Ed. 901; United States v. Lair, 8 Cir., 195 F. 47, certiorari denied, 229 U.S. 609, 33 S.Ct. 464, 57 L.Ed. 1350; Aczel v. United States, 7 Cir., 232 F. 652; Little v. United States, 8 Cir., 93 F.2d 401, certiorari denied, 303 U. S. 644, 58 S.Ct. 643, 82 L.Ed. 1105.

 The remaining ground of demurrer was that the indictment was not signed by the foreman of the grand jury. It was signed by an assistant United States attorney, and was endorsed "A True Bill, Ernest W. Clarke, Foreman." It is argued that the endorsement is no part of the indictment, that the endorsement fails to show that Clarke was foreman of the grand jury that returned the indictment, and that he may have been foreman of something else. No federal statute has been called to our attention providing that the foreman of the grand jury shall sign an indictment at the bottom thereof, and it has been the settled practice of wide use for the United States attorney or his assistant to sign it and for the foreman of the grand jury to sign below the endorsement "A True Bill" on the face of it. While it would have been better practice for the word "Foreman" in the endorsement to be followed by the words "of the grand jury" that was not essential to the validity of the indictment. United States v. Plumer, 27 F.Cas. 561, No. 16,056; State v. Valere, 39 La.Ann. 1060, 3 So. 186; Swain v. State, 8 Ala.App. 26, 62 So. 446; State v. Patterson, 150 La. 114, 90 So. 532; State v. Gilson, 114 Mo.App. 652, 90 S.W. 400; Hall v. Commonwealth, 143 Va. 554, 130 S.E. 416.

We fail to find error. Accordingly the judgment is affirmed.