UNITED STATES v. FRANKFELD.

SAME v. BLUMBERG.

SAME v. O'DEA.

Nos. 65799, 65800, 65802.

District Court of the United States for the District of Columbia.

May 7, 1941.

Charles E. Ford, of Washington, D. C., Louis Fleischer, of New York City, and Sidney S. Grant, of Boston, Mass., for Frankfeld and O'Dea.

Charles E. Ford, of Washington, D. C., Leo M. Alpert, of Baltimore, Md., Louis Fleischer, of New York City, for Blumberg.

Edward M. Curran, U. S. Atty., and Charles Murray, Asst. U. S. Atty., both of Washington, D. C., for United States.

LETTS, Associate Justice.

Several motions have been heard in the above entitled cases which are here ruled upon.

In the case of Frankfeld, No. 65799, and that of O'Dea, No. 65802, the defendants filed motions to quash, to which motions the District Attorney has filed his motions to strike parts thereof. In each case the motion to strike is sustained, largely upon the ground that the portions struck are irrelevant, impertinent, and immaterial. A motion to quash is addressed to the discretion of the court.

An indictment may be quashed for any reason which would render ineffective a trial had upon the accusation as formulated. If any fact or facts appear which would make it improper to enter judgment upon a verdict found at such trial or would afford ground for reversal of such judgment, such facts will warrant quashing the indictment. Grounds for that action may be either matters intrinsic to the pleading as defects apparent upon its face or matters extrinsic to the instrument, as irregularities or other facts occurring prior to the return of the bill.

An indictment is quashed upon the theory that the facts charged therein are insufficient to put the accused upon his defense. I find that the questions raised by the motions to quash can be considered properly and more definitely at the time of trial; accordingly the motions to quash are overruled.

In the case of Blumberg, No. 65800, the defendant has presented his petition to suppress. The court finds that the papers seized were taken in the improper use of a subpoena duces tecum. The agents who served the subpoena treated it as though it were a search warrant. The papers and records were unlawfully seized. Accordingly Blumberg's petition to suppress is sustained.

A demurrer was filed by each of the defendants in the above entitled cases. Arguments have been heard for and against the propositions presented by the demurrers. I am satisfied that the indictments are in proper form and allege a crime in each case. Each of such demurrers is now overruled.

The United States has filed a motion to consolidate the three above captioned cases for trial. While the issues are similar they are not the same. The proof in the several cases must be quite different both in support of the indictments and for the defense. While it would be desirable in the interest of time and labor to grant this motion I am not persuaded that injustice would not result from such consolidation. The motion is therefore overruled.