**UNITED STATES v. FEINBERG et al.**
**Civil Action No. 38514.**

District Court, E. D. New York.
Feb. 26, 1943.

Emanuel G. Kleid, of New York City, for Irving Feinberg and Prendergast-Davies Co. Ltd., for the motion.

Henry L. Schimpf, Jr., of Philadelphia, Pa., for H. Vaughan Clarke, for the motion.

Horace M. Barba, of Philadelphia, Pa., for Mark Godfrey, for the motion.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y., and Robert S. Rubin, Sp. Asst. to U. S. Atty., of Washington, D. C. (Gerald J. O'Brien, of New York City, of counsel), opposed.

INCH, District Judge.

On or about November 19, 1941, an indictment was duly filed in this court against Irving Feinberg, H. Vaughan Clarke, Mark Godfrey and Prendergast-Davies Company, Ltd. On December 1, 1941, each of the defendants appeared and pleaded not guilty, bail was fixed and eventually the trial was ordered to take place on or about March 3, this year. On February 15, 1943, a number of motions were made which can all be disposed of in one decision.

The indictment contains 13 Counts. Counsel for Feinberg and the corporation moves to quash Counts 1 to 12 inclusive of this indictment.

Counsel for Godfrey moves to quash all the Counts and so does counsel for Clarke.

It is needless to say that apparently, after consultation, all these motions are made in almost similar language and this observation applies to the other motions which are, a motion by counsel for Godfrey that he be furnished a copy of the transcript of his testimony given before the investigating body of the Securities and Exchange Commission and likewise be furnished with a transcript of the testimony, before that body, of Clarke.

Counsel for Clarke wants a transcript of Clarke's testimony and likewise a transcript of the testimony of Godfrey.

On the hearing of the motions each of these counsels withdrew asking for any testimony other than that given by their client.

The final motion is one for severance. Counsel for Godfrey and counsel for Clarke ask for a separate trial apart from the defendants Feinberg and the corporation.

 1. Motions to quash: The indictment is unusually explicit and on its face furnishes sufficient information to provide preparation of a defense. Counts 1 to 12 inclusive are based on an alleged violation of Section 215, Criminal Code, 18 U.S.C.A. § 338, relating to the use of the mail to promote fraud. Count 13 is the usual conspiracy count alleging violation of Sect. 37 of the Criminal Code relating to conspiracy, 18 U.S.C.A. § 88. Count 9 incorporates expressly all the allegations of the charge made in the 1st Count relating to a scheme and artifice to defraud and in addition relies on 15 U.S.C.A. § 77q, relating to fraudulent interstate transactions. I shall make no attempt to discuss the alleged facts as all of this will be a matter for the trial. Suffice it to say that as to Counts 1 to 8 inclusive and 10 to 12 inclusive no substantial argument is presented by any of these motions to quash. On motions such as these it is no ground to quash to argue that the use of the mail was harmless or that the use is claimed by the defendants to have had no connection with any scheme to defraud. All such matters must await trial, unless it so convincingly appears on the face of the indictment that as a matter of law there need be no necessity for such delay. Such is not the case here. As to Count 9, by its allegations this count rests on the use of the mails and there is no necessity for striking out this count at the present time even if the assumption made by counsel is determined to be worthy of consideration by the judge holding the trial and after hearing the evidence. Each of these motions to quash therefore are denied as the motion as to the 13th Count has no merit whatever.

 2. Motions for copies of the testimony: This, as has been said, is now limited to the testimony of the individual

client. The ground stated for these motions is that this testimony "is a necessary part of my defense". How this can be except for purposes of cross-examination of some witnesses at the trial I fail to see, and certainly it is not necessary in view of the plain and detailed allegations of the indictment, to prepare a defense. Moreover, there is good authority for a denial of these motions. Securities and Exchange Commission v. Torr et al., D.C. S.D.N.Y.1936, 15 F.Supp. 144, Judge Caffey; United States v. Mascuch, D.C.S.D. N.Y.1939, 30 F.Supp. 976, Judge Barrett. These motions are therefore denied without prejudice to an application to the trial judge should a good and lawful reason arise for such examination at the trial and be so considered by the trial judge, in accordance with the authorities cited by counsel for the defendants. Boehm v. United States, 8 Cir., 123 F.2d 791; United States v. Socony et al., 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129.

3. The remaining motions are made by two alleged conspirators asking not to be tried with the others. I agree with the United States Attorney that no substantial reasons are given for any such separation.

Accordingly, these motions are all denied. Submit separate orders.