## DISTRICT OF COLUMBIA v. BASILIKO.

### No. 321.

Municipal Court of Appeals for the District of Columbia.

Oct. 30, 1945.

Vernon E. West, Principal Assistant Corp. Counsel, of Washington, D. C. (Richmond B. Keech, Corp. Counsel, and Henry E. Wixon, Asst. Corp. Counsel, both of Washington, D. C., on the brief), for appellant.

Herman Miller, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

The District of Columbia appeals from orders quashing five informations, in each of which the defendant was charged with separate violations of the "Lodging, Rooming and Boarding House Regulations" promulgated by the Commissioners of the District.

In connection with the motion to quash, which was made orally, it was stipulated that the Superintendent of Licenses of the District of Columbia had issued to the defendant a valid license for an apartment house at the premises where the violations had allegedly taken place and that such license was in effect on the day of the alleged violations.

The District of Columbia charges there was error in quashing the informations and in holding that because it had issued an apartment house license for the premises in question, it was barred from prosecuting the defendant under the rooming house regulations. Such regulations define a rooming house as follows: "The term 'rooming house' shall mean any building or part thereof, other than a hotel or private club, containing sleeping accommodations occupied for a consideration by more than four persons who are not members of the immediate family of the owner or lessee of such building or part thereof, which said sleeping accommodations do not form a separate household unit or units with bath and kitchen exclusively for the use of the persons (not members of the immediate family of the owner or tenant) occupying such unit or units."

Defendant argues that the language just quoted does not specifically include apartment houses. He points out that in enacting building regulations for the District, Congress defined an apartment house as "a building in which rooms in suites are provided for occupancy by three or more families." (Code 1940, § 5—312). He also points out that the same description is carried in Code section 47—2329 which prescribes the fee for licensing of apartment houses.

▓ All this is true. But it is also true that in making his motion to quash, de-

fendant admitted the two essential allegations charged by the government:[1] first, that he was operating a rooming house, and second, that he had violated the regulations as charged.

■ We feel certain that if there had been nothing more before the trial judge he would not have terminated the prosecution as he did. Seemingly he gave weight to the fact, as recited in the stipulation, that defendant had obtained and was operating under an apartment house license. We think he gave that fact too much weight.

■ Of course the District Government would be under the necessity of showing at the trial that the building was subject to the rooming house regulations. How satisfactory or convincing the showing would have been, is another question. But here the right to make such a showing was shut off without a trial; and the fact of the issuance of the apartment license—a purely extraneous matter—was permitted to become the pivotal point in the case, and to overcome the Government's allegations which were admitted for the purpose of the motion to quash. We hold that, on a motion to quash, the trial court should consider only such propositions as raise clear points of law.[2] We also hold, as

Justice Letts did in our United States District Court,[3] that where questions raised by such motion can be considered "properly and more definitely" at the time of the trial, the motion should be overruled.

■ In his brief and at the argument of the case, appellee's counsel argued strenuously that the District is precluded—"estopped," as he put it—from charging that this is a rooming house, and that the regulation can not be stretched so as to include apartment houses. We agree that the Commissioners might have used plainer language if they intended to include apartment houses, or certain types of apartment houses, within the rooming house regulations. Ordinances, like statutes, should be clear and definite, so that the public may know what will constitute a violation.[4]

■ Whether there was a violation in this case will depend upon the facts, and upon the ability of the Government to show that the facts bring the defendant within the operation of the regulations. We cannot prejudge the legal effect of the evidence to be adduced. Nor can we say in advance that the prosecution must fail.

Reversed.

The Chief Judge sat during the argument of this case, but died before it was decided.

---

[1] United States v. Sloat, D.C.N.J., 56 F.2d 434; United States v. Brown, D. C., 5 F.Supp. 81, affirmed 2 Cir., 79 F. 2d 321, certiorari denied McCarthy v. United States, 296 U.S. 650, 56 S.Ct. 309, 80 L.Ed. 462.

[2] United States v. Grunberg, C.C.Mass., 131 F. 137.

[3] United States v. Frankfeld, D.C., 38 F.Supp. 1018, 1019; see also United States v. Feinberg, D.C., 50 F.Supp. 976, affirmed 2 Cir., 140 F.2d 592, certiorari denied 322 U.S. 726, 727, 64 S.Ct. 1082, 88 L.Ed. 1562.

[4] McQuillin, Municipal Corporations, 2d Ed., § 687; McConvill v. Mayor of Jersey City, 39 N.J.L. 38, 42; State v. Gurry, 121 Md. 534, 88 A. 546, 47 L.R.A.,N.S., 1087, Ann.Cas.1915B, 957.