## SECURITIES AND EXCHANGE COMMISSION v. PYNE.

### Civ. No. 662.

District Court, D. Massachusetts.

April 29, 1940.

Chester T. Lane, Gen. Counsel, and Christopher M. Jenks, Asst. Gen. Counsel, both of Washington, D. C., Joseph P. Rooney, of Boston, Mass., and Jeremiah J. O'Connor, of Washington, D. C., for plaintiff.

J. C. Johnston, of Boston, Mass., for defendants Leo C. Pyne and Carl F. Edgerly.

McLELLAN, District Judge.

This is an action for preliminary and permanent injunctions restraining the defendants from further violations of the Securities Act of 1933, as amended, 15 U.S.C.A. § 77a et seq.

### Findings of Fact.

The case was heard upon the plaintiff's motion for a preliminary injunction in connection wherewith the plaintiff filed several affidavits, including that of Joseph P. Rooney, one of the plaintiff's attorneys, that of Annie D. McLellan and that of Mrs. Elizabeth T. Welch. No counter affidavits were presented by the defendants. The statements appearing in the affidavits are found for the purposes of the application for a temporary injunction to be true, and are incorporated here by reference.

### Conclusions of Law.

The ship shares which the defendants offered and are offering for sale which carried with them the right to the receipt of profits by the prospective purchasers through efforts other than their own and involved "the investment of money with the expectation of profit through the efforts of other persons" were securities within the meaning of the definition appearing in the Securities Act of 1933 as amended, reading:

"When used in this subchapter, unless the context otherwise requires—

"(1) The term 'security' means any note, stock, treasury stock, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract,

---

[1] No opinion for publication.

voting-trust certificate, certificate of deposit for a security, fractional undivided interest in oil, gas, or other mineral rights, or, in general, any interest or instrument commonly known as a 'security,' or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing." Title 15 U.S.C., Section 77b, 15 U.S.C.A. § 77b.

See Securities and Exchange Commission v. Universal Service Association, 7 Cir., 106 F.2d 232, certiorari denied 308 U.S. 622, 60 S.Ct. 378, 84 L.Ed. ——. See also Kerst v. Nelson, 171 Minn. 191, 213 N.W. 904, 54 A.L.R. 495; People v. Yant, 26 Cal.App.2d 725, 80 P.2d 506: Securities and Exchange Commission v. Crude Oil Corporation, 7 Cir., 93 F.2d 844.

A temporary injunction is to issue enjoining each of the defendants, their agents and servants, from:

1. Directly and indirectly making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell ship shares in fishing boats called the "Barbara" or the "Madam X", or other boats to be built by the defendants, through the use or medium of a prospectus or otherwise, unless and until a registration statement is in effect with the Securities and Exchange Commission as to such securities; provided that the foregoing shall not apply to any security or transaction which is exempt from the registration provisions of Section 5 of the Securities Act of 1933, 15 U.S.C.A. § 77e.

2. In the sale of ship shares in boats called the "Barbara" or the "Madam X," or any other boat to be built by the defendants, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails directly or indirectly:

(a) Obtaining or attempting to obtain money or property by means of untrue statements of material facts or omissions to state material facts necessary to be stated in order to make the statements made, in the light of the circumstances under which they were made, not misleading, concerning:

(i) The earnings of the boats now owned or to be built by the defendants or any of them;

(ii) The number of boats operated by the defendants or any of them;

(iii) The use of the proceeds to be realized from the sale of ship shares in boats to be built by the defendants or any of them;

(iv) The value of the "Barbara" or any other boat now owned or to be built by the defendants or any of them;

(v) The ownership of or payment for fathometers or any other equipment on boats now owned or to be built by the defendants, or any of them.

(b) Engaging in transactions, practices, or courses of business which operate or would operate as a fraud or deceit upon purchasers or prospective purchasers of the "Barbara" or the "Madam X" or other boats to be built by the defendants, more particularly, engaging in the acts and practices set forth in the foregoing paragraph numbered 2(a)