SECURITIES AND EXCHANGE COMMIS-
SION v. BOURBON SALES COR-
PORATION.

No. 480.

District Court, W. D. Kentucky,
Louisville Division.

Oct. 15, 1942.

Chester T. Lane, Gen. Counsel, of Washington, D. C., Christopher M. Jenks, Asst. Gen. Counsel, of Philadelphia, Pa., C. J. Odenweller, Jr., Asst. Regional Adm'r, of Cleveland, Ohio, for applicant Securities and Exchange Commission.

John K. Skaggs, Jr., and W. S. Heidenberg, both of Louisville, Ky., for respondent Bourbon Sales Corporation.

MILLER, District Judge.

This is an application by the Securities and Exchange Commission for an order under Section 22(b) of the Securities Act of 1933 as amended, 15 U.S.C.A. § 77(b), to enforce a subpoena duces tecum requiring the respondent, Bourbon Sales Corporation, to appear before an officer of the Commission and produce certain of its corporate books, papers and documents. The respondent contends by its answer (1) that the Commission has no jurisdiction in the matter and is not entitled to the records sought herein because the respondent is not engaged in the buying or selling of securities within the purview of the Act, and particularly as defined in Section 77b of the Act; and (2) that the application sought herein is unlimited in its nature and is in violation of the Fourth Amendment of the Constitution of the United States.

The facts giving rise to the controversy are briefly as follows: The Bourbon Sales Corporation, a Kentucky company, following negotiations with the owners of warehouse receipts of whiskey stored in bonded warehouses, entered into written contracts with such owners by which the Bourbon Sales Corporation purchased the whiskey represented by the warehouse receipts for the purpose of bottling and selling the same, on terms specified in the contract. It is contended by the Commission that these contracts constituted securities subject to the provisions of the Act. The contracts provided in part as follows: "2.

The buyer intends to bottle said whiskey after the same has reached four years of age or over and will offer the bottled goods for sale. Within thirty days after said whiskey has been bottled for sale the buyer shall pay to the seller such amount which the buyer receives from the sales of said bottled goods (such sale to be made at the then prevailing market price), less all taxes, costs, expenses advanced or incurred by the buyer in connection with the withdrawal of the whiskey from storage, transportation, bottling, stamping, labeling, and ten percent of the gross per case sales price (buyer's selling expense and profit). The buyer shall furnish to the seller figures compiled from Government records (dump sheet) showing actual amount of whiskey in barrels and number of cases it produced, together with bonafide invoices showing actual price received for the bottled contents. The buyer reserves the right to bottle and pay for (as herein contemplated) portions of the said whiskey from time to time as it reaches four years of age or over."

The proceedings before the Commission were instituted pursuant to Sections 19(b) and 20(a) of the Act, which provide in substance that whenever it shall appear to the Commission, either upon complaint or otherwise, that the provisions of the Act have been or are about to be violated, the Commission may in its discretion require a statement of the facts and make an investigation of the acts complained of; and that for the purpose of such investigation it may administer oaths, subpoena witnesses, take evidence and require the production of any books, papers or other documents which the Commission deems relevant or material to the inquiry. The application states that a duly designated officer of the Commission issued a subpoena duces tecum to the Bourbon Sales Corporation requiring it to appear before its Chief Securities Investigator at Louisville, Kentucky, and at that time and place to produce the books, records and other papers referred to in the subpoena; that the subpoena was duly served, but that the respondent has refused to appear and produce the books and papers as required by it which has impeded and continues to impede the progress of the investigation. It states that all of the books and papers sought by the subpoena are deemed by the Commission to be relevant and material to the inquiry. The respondent contends

that before the District Court, acting under the authority conferred by Section 22 (b) of the Act, can issue an order enforcing the subpoena, it must find as a matter of fact and law from the evidence produced at the hearing that the sales and bottling contracts above referred to are securities within the meaning of the Act. The Commission claims that it is not necessary as a condition precedent to the entry of such an order that the Court make such a finding, and that in any event the sales and bottling contracts now under investigation are securities within the meaning of the Act.

■ ■ In a proceeding in the District Court for the enforcement of an administrative subpoena, the Court should not undertake to decide the same issue which is before the administrative body before ordering compliance with the subpoena, as such action on its part would eliminate the necessity for the administrative ruling. It is not the purpose of such procedure to substitute the ruling of the Court for the final administrative finding. If it sufficiently appears from the Commission's application for the subpoena and the showing made in support of it that jurisdiction exists over the matter under consideration and that the Commission is in possession of facts affording reasonable grounds for the belief that a violation of the Act has occurred or is threatened, it may order and conduct the appropriate investigation with the attendant right to enforce compliance with its subpoenas. Consolidated Mines v. Securities and Exchange Commission, 9 Cir., 97 F.2d 704; Perkins v. Endicott Johnson Corporation, 2 Cir., 128 F.2d 208. Respondent relies upon General Tobacco & Grocery Co. v. Fleming, 6 Cir., 125 F.2d 596, 140 A.L.R. 783, from this Circuit, which held in a similar proceeding under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., that the Administrator of the Wage and Hour Division must show to the District Court that the respondent was engaged in interstate commerce before the Court would order compliance with the subpoena, and that the respondent was entitled to challenge this issue of fact in the District Court. The opinion in that case clearly shows that the existence of that fact was essential to establish jurisdiction over the defendant in the investigation by the Administrator in which the subpoena was issued. The stat-

utory authority under which the Administrator acted depended for its validity upon that fact. In the present case the issue of fact is not one going to the jurisdiction of the Securities and Exchange Commission. The statutory authority under which the Commission is acting depends for its validity upon the use of the mails. That fact is not in issue; it is conceded to exist by the respondent.

■ When jurisdiction over the subject matter (use of the mails) is shown to exist, the authority to issue the subpoena is controlled by the express terms of the particular statute involved. In this case Section 19(b) of the Act provides: "For the purpose of all investigations which, in the opinion of the Commission, are necessary and proper for the enforcement of this subchapter" the Commission may "require the production of any books, papers, or other documents which the Commission deems relevant or material to the inquiry." Unless the action of the Commission in undertaking this investigation is arbitrary and unreasonable or without any evidence to support the charges made against the respondent, its action in so doing should not be reviewed by the Court in this proceeding. Its final order in the matter is subject to review by the Circuit Court of Appeals, where findings of fact, if supported by the evidence, are conclusive. Section 77i, 15 U.S.C.A. (Securities Act of 1933); Interstate Commerce Commission v. Union Pacific R. R., 222 U.S. 541, 32 S. Ct. 108, 56 L.Ed. 308; National Harness Mfrs' Association v. Federal Trade Commission, 6 Cir., 268 F. 705. The affidavits filed in support of the application fully justify the investigation.

■ ■ Although under the above ruling it is not necessary to make such a finding, yet the Court is also of the opinion that the written instruments under consideration are securities as defined by Section 77b of the Act, which includes "certificate of interest or participation in any profit-sharing agreement" and "investment contract." Respondent's contention that the transaction is merely the purchase of personal property by the respondent for a consideration to be definitely determined later stresses the form of the transaction rather than the substance, which is not the true test. Securities and Exchange Commission v. Universal Service Association, 7 Cir., 106 F.2d 232. An investment con-

tract, as contemplated by the Act, means the entrusting of money or property to another with the expectation of profit or income therefrom through the efforts of other persons. Securities and Exchange Commission v. Bailey, D.C.S.D.Fla., 41 F.Supp. 647, and cases therein cited. The purchase and sale of whiskey in the present case was more colorful than real; the essential purpose of the transaction was to turn the whiskey into an income or capital producing operation through the efforts of the respondents. It is immaterial whether the public invests money or property in the enterprise. The following cases appear to support the ruling that the Sales and Bottling Contract under consideration is a security within the meaning of the Act: Securities and Exchange Commission v. Payne, D.C., 35 F.Supp. 873; Securities and Exchange Commission v. Bailey, supra; Securities and Exchange Commission v. Tung Corp., D.C., 32 F.Supp. 371; Securities and Exchange Commission v. Wickham, D.C., 12 F.Supp. 245; Securities and Exchange Commission v. Pyne, D. C., 33 F.Supp. 988; Securities and Exchange Commission v. Crude Oil Corp., 7 Cir., 93 F.2d 844; Securities and Exchange Commission v. Universal Service Association, supra; Atherton v. United States, 9 Cir., 128 F.2d 463.

■■ Congress acted within its constitutional powers in authorizing the issuance of subpoenas duces tecum in investigations conducted by the Commission, and the officers of the Commission in making formal regular demand for information needed in· connection with such an investigation regularly started are not snoopers prying officiously into the private affairs of others. Such a demand is not unreasonable search and seizure, protected against by the Fourth Amendment to the United States Constitution, unless it is out of proportion to the ends sought. The Commission as a fact finding body performs a function similar to that of a grand jury the scope of whose inquiries is not to be limited narrowly by forecasts of the probable result of the investigation. McMann v. Securities and Exchange Commission, 2 Cir., 87 F.2d 377, 109 A.L.R. 1445; Newfield v. Ryan, 5 Cir., 91 F.2d 700; Woolley v. United States, 9 Cir., 97 F.2d 258, 259.

The application of the Securities and Exchange Commission for the order requested is sustained.