## MARKHAM *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE
DISTRICT OF KENTUCKY.

No. 544.  Submitted November 18, 1895. — Decided December 16, 1895.

An indictment for perjury in a deposition made before a special examiner of the pension bureau which charges the oath to have been wilfully and corruptly taken before a named special examiner of the Pension Bureau of the United States, then and there a competent officer, and having lawful authority to administer said oath, is sufficient to inform the accused of the official character and authority of the officer before whom the oath was taken.

In such an indictment it is not necessary to set forth all the details or facts involved in the issue as to the materiality of the statement, and as to the authority of the Commissioner of Pensions to institute the inquiry in which the deposition of the accused was taken.

The provision in Rev. Stat. § 1025 that " no indictment found and presented by a grand jury in any district or circuit or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant," is not to be interpreted as dispensing with the requirement in § 5396 that an indictment for perjury must set forth the substance of the offence charged.

An indictment for perjury that does not set forth the substance of the offence will not authorize judgment upon verdict of guilty. *Dunbar* v. *United States*, 156 U. S. 185, affirmed.

THE plaintiff in error was indicted in the District Court of the United States for the District of Kentucky, for the crime of perjury as defined in section 5392 of the Revised Statutes.

The defendant pleaded not guilty. The first and second counts related to certain statements by the accused, alleged to have been wilfully, falsely, and feloniously made, in a deposition, given, under oath, before G. C. Loomis, a special examiner of the Pension Bureau of the United States, such statements being material to an inquiry pending before the Commissioner of Pensions in reference to a claim of the accused for a pension from the United States. The third count set out another statement of the accused in the same deposition, and charged that he did not believe it to be true.

The defendant was found guilty upon the fourth count of the indictment, which was as follows :

" And the grand jurors aforesaid, upon their oaths aforesaid, do further present that at Bowling Green, in the district aforesaid, on the seventh day of October, in the year of our Lord eighteen hundred and ninety-two, the matter of the hereinafter-mentioned deposition became and was material to an inquiry then pending before and within the jurisdiction of the Commissioner of Pensions of the United States, at Washington, in the District of Columbia; whereupon said William H. Markham did then, at said Bowling Green, wilfully and corruptly take a solemn oath before G. C. Loomis, then and there a special examiner of the Pension Bureau of the United States, and then and there a competent officer and having lawful authority to administer said oath, that a certain written deposition then and there by said Markham subscribed was then and there true, and in giving said deposition said Markham was asked by said Loomis a question in substance and effect as follows, to wit, ' Have you received any injury to forefinger of right hand since the war or since your discharge from the army ?' (by which said question said

Loomis referred and said Markham well understood said Loomis to refer to the right hand of said Markham,) and in answer to said question said Markham then and there made and subscribed an answer and statement in substance and effect as follows, to wit, ' No, sir; I never have;' which said statement that said Markham never had received any injury to the forefinger of his right hand since his, said Markham's, discharge from the army was then and there material to said inquiry; and was then and there not true. Whereas in truth and in fact the said Markham had then and theretofore received an injury to the forefinger of his, said Markham's, right hand, as he, the said Markham, then and there very well knew. And so the jurors aforesaid upon their oaths aforesaid say that said Markham did commit wilful and corrupt perjury in the manner and form as in this count aforesaid, against," etc. There was no demurrer to the indictment, nor any motion to quash either of the counts.

The defendant moved for an arrest of judgment upon the following grounds: 1st. That the count upon which he was found guilty charged no offence under the statute. 2d. That its averments did not inform the court that any offence had been committed, nor show that Loomis, the examiner, was authorized to administer the oath alleged. 3d. That the averments did not set forth the proceeding or cause in which the defendant was charged to have given his deposition or made oath to the statement alleged to be false, in such manner as to show that the deposition and the alleged false statement were material to any inquiry or matter before the Commissioner of Pensions, nor to what said inquiry related, nor show that Loomis, special examiner, had any lawful authority to swear or require the defendant to swear to the deposition or statement averred to be false, nor for what purpose, nor upon what cause, or investigation of what claim, or of any claim pending before any Department of the Government or in any court. 4th. That it did not aver facts sufficient to show the materiality of the oath or statement alleged to have been made. 5th. That the words charged to have been sworn to by defendant were not averred to have been sworn

to wilfully and corruptly. 6th. That it failed to aver what charge was under investigation.

The motion in arrest of judgment was overruled, and the accused was sentenced to make his fine to the United States by the payment of $5, and to be imprisoned at hard labor in the Indiana state prison, south, at Jeffersonville, Indiana, for the full period of two years from a day named. From that judgment the present writ of error was prosecuted.

*Mr. Samuel McKee* for plaintiff in error.

*Mr. Assistant Attorney General Whitney* for defendants in error.

MR. JUSTICE HARLAN, after stating the facts as above, delivered the opinion of the court.

The contention that the indictment was insufficient in law cannot be sustained.

By section 4744 of the Revised Statutes, as amended by the act of July 25, 1882, c. 349, it is provided: "The Commissioner of Pensions is authorized to detail from time to time clerks or persons employed in his office to make special examinations into the merits of such pension or bounty land claims, whether pending or adjudicated, as he may deem proper, and to aid in the prosecution of any party appearing on such examinations to be guilty of fraud, either in the presentation or in procuring the allowance of such claims; and any person so detailed shall have power to administer oaths and take affidavits and depositions in the course of such examinations, and to orally examine witnesses, and may employ a stenographer, when deemed necessary by the Commissioner of Pensions, in important cases, such stenographer to be paid by such clerk or person, and the amount so paid to be allowed in his accounts." Rev. Stat. § 4744; 22 Stat. 174, 175. And by section 3 of the act of March 3, 1891, c. 548, it was provided: "That the same power to administer oaths and take affidavits, which by virtue of section forty-seven hundred

and forty-four of the Revised Statutes is conferred upon clerks detailed by the Commissioner of Pensions from his office to investigate suspected attempts at fraud on the Government through and by virtue of the pension laws, and to aid in prosecuting any person so offending, shall be, and is hereby, extended to all special examiners or additional special examiners employed under authority of Congress to aid in the same purpose." 26 Stat. 1083.

In view of these enactments, the averment that the oath, charged to have been wilfully and corruptly taken, was taken " before G. C. Loomis, then and there a special examiner of the Pension Bureau of the United States, and then and there a competent officer, and having lawful authority to administer said oath," was sufficient in connection with the statute, to inform the accused of the official character and authority of the officer before whom the oath was taken.

It is provided by section 5392 of the Revised Statutes that " every person who, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or other certificate by him subscribed is true, wilfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury, and shall be punished by a fine of not more than two thousand dollars, and by imprisonment, at hard labor not more than five years, and shall, moreover, thereafter be incapable of giving testimony in any court of the United States until such time as the judgment against him is reversed."

And by section 5396 it is declared that " in every presentment or indictment prosecuted against any person for perjury, it shall be sufficient to set forth the substance of the offence charged upon the defendant, and by what court, and before whom the oath was taken, averring such court or person to have competent authority to administer the same, together with the proper averment to falsify the matter wherein the perjury is assigned, without setting forth the bill, answer,

information, indictment, declaration, or any part of any record or proceeding, either in law or equity, or any affidavit, deposition, or certificate, other than as hereinbefore stated, and without setting forth the commission or authority of the court or person before whom the perjury was committed."

The requirement that it shall be sufficient in an indictment for perjury to set forth the substance of the offence is not new in the statutes of the United States. It is so provided in the Crimes Act of April 30, 1790, 1 Stat. 112, 116, c. 9, § 18, and the latter act, in the particular mentioned, was the same as that of 23 Geo. II, c. 11. Referring to the English statute, and to the objects for which it was enacted, Mr. Chitty says that the substance of the charge is intended in opposition to its details. 2 Cr. Law, 307; *King* v. *Dowlin*, 5 T. R. 311, 317.

Did the fourth count set forth the substance of the offence charged? It gave the name of the officer before whom the alleged false oath was taken; averred that he was competent to administer an oath; set forth the very words of the statement alleged to have been wilfully and corruptly made by the accused; and charged that such false statement was part of a deposition given and subscribed by the accused before that officer, and was material to an inquiry then pending before, and within the jurisdiction of, the Commissioner of Pensions of the United States.

The question propounded to the accused, and to which he was alleged wilfully and corruptly to have made a false answer, manifestly pointed to an inquiry pending before the Commissioner of Pensions, in relation to himself as a former soldier in the army; that inquiry presumably related to a claim by him for a pension on account of personal injuries received by him in the service; and the general charge that the statement was made with reference to a pending inquiry before, and within the jurisdiction of, the Commissioner of Pensions, in connection with the distinct, though general, averment that such statement was material to that inquiry, was quite sufficient under the statute Under the plea of not guilty the Government was required to show the materiality of the alleged false statement, and, in so doing, must neces-

sarily have disclosed the precise nature of the inquiry to which it related. And it may well be assumed, after verdict, that all such facts appeared in evidence, and that the accused was not ignorant of the nature of the inquiry to which his deposition related and to which the indictment referred.

It was not necessary that the indictment should set forth all the details or facts involved in the issue as to the materiality of such statement, and the authority of the Commissioner of Pensions to institute the inquiry in which the deposition of the accused was taken. In 2 Chitty's Criminal Law, 307, the author says: "It is undoubtedly necessary that it should appear on the face of the indictment that the false allegations were material to the matter in issue. But it is not requisite to set forth all the circumstances which render them material; the simple averment that they were so, will suffice." In *King* v. *Dowlin,* above cited, Lord Kenyon said that it had always been adjudged to be sufficient in an indictment for perjury, to allege generally that the particular question became a material question. So, in *Commonwealth* v. *Pollard,* 12 Met. 225, 229, which was a prosecution for perjury, it was said that it must be alleged in the indictment that the matter sworn to was material, *or* the facts set forth as falsely and corruptly sworn to should be sufficient in themselves to show such materiality. In *State* v. *Hayward,* 1 Nott & McCord, 546, 553, which was also a prosecution for perjury, the court, after observing that it should appear, on the face of the indictment, that the false allegations were *material* to the matter in issue, adjudged that it was not necessary "to set forth all the circumstances which render them material; the simple averment that they became and were so will be sufficient." Many other authorities are to the effect that the substance of the offence may be set forth without encumbering the indictment with a recital of its details and circumstances.

As the count in question set forth the words of the alleged false statement, and thereby made it impossible for the accused to be again prosecuted on account of that particular statement; as it charged that such statement was material to an inquiry pending before, and within the jurisdiction of, the Commissioner

of Pensions ; and as the fair import of that count was that the inquiry before the Commissioner had reference to a claim made by the accused under the pension laws, on account of personal injuries received while he was a soldier, and made it necessary to ascertain whether the accused had, since the war or after his discharge from the army, received an injury to the forefinger of his right hand, we think that the fourth count, although unskilfully drawn, sufficiently informed the accused of the matter for which he was indicted, and, therefore, met the requirement that it should set forth the substance of the charge against him.

It is proper to add that § 1025 of the Revised Statutes, providing that "no indictment found and presented by a grand jury in any district or circuit or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant," is not to be interpreted as dispensing with the requirement in § 5396 that an indictment for perjury must set forth the substance of the offence charged. An indictment for perjury that does not set forth the substance of the offence will not authorize judgment upon a verdict of guilty. *Dunbar* v. *United States,* 156 U. S. 185, 192.

We perceive no error of law in the record, and the judgment is

*Affirmed.*