UNITED STATES v. AMMERMAN.

(District Court, W. D. Arkansas, Ft. Smith Division. February 3, 1910.)

No. 653.

1. PERJURY (§ 25*)—REQUISITES OF INDICTMENT—MATERIALITY OF TESTIMONY.
In a prosecution for perjury, it must be alleged in the indictment that the matter sworn to was material, or the facts set forth as falsely or corruptly sworn to must be sufficient in themselves to show such materiality.
[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 82-89; Dec. Dig. § 25.*]

2. PERJURY (§ 25*)—INDICTMENT—CONSTRUCTION—"DURING."
In an indictment for perjury alleging that on the trial of a criminal case it was a material inquiry whether the defendants were in a certain

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

town "during the day and night of December 28th, and early in the morning of December 29th," the word "during" means at any time during the day or night of the 28th and the morning of the 29th.

[Ed. Note.—For other cases, see Perjury, Dec. Dig. § 25.*

For other definitions, see Words and Phrases, vol. 3, p. 2278.]

**3. PERJURY (§ 25*)—INDICTMENT—SUFFICIENCY.**

An indictment for perjury alleged that on the trial of a criminal case it was a material inquiry whether the defendants were in a certain town during the day and night of the 28th and early in the morning of the 29th of a certain month; that the defendant willfully, corruptly, and contrary to his oath, testified on said trial that two of the defendants were in another state up to 8 or 9 o'clock on the morning of the 28th. *Held,* that such allegations were sufficient to show that the testimony given by defendant on such trial was material to the issues, and that it was not necessary to show that such testimony, if true, would exclude the guilt of the defendants on trial.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 82–89; Dec. Dig. § 25.*]

Criminal prosecution by the United States against Lon Ammerman. On motion in arrest of judgment. Overruled.

John I. Worthington, U. S. Dist. Atty.

Ira D. Oglesby and Troy Pace, for defendant.

ROGERS, District Judge. On the motion in arrest of judgment the argument, clear and cogent as it was, in the opinion of the court proceeded on a mistaken theory, and is misleading. It is a sound principle of law that, in a prosecution for perjury, "it must be alleged in the indictment that the matter sworn to was material or the facts set forth as falsely and corruptly sworn to sufficient in themselves to show such materiality." It is the application of that principle which is involved here. It is not alleged in the indictment that the matters sworn to are material, and that alternative of the principle may be considered eliminated.

The question then remains: Are the facts set forth in the indictment as falsely and corruptly sworn to sufficient in themselves to show such materiality? Pretermitting any notice of formal matters, the indictment charges that on the trial of Bell, Patterson, and Thompson it became and was a material inquiry whether said Bell, Patterson, and Thompson "were in the town of Huntington, in Sebastian county, state of Arkansas, during the day and night of December 28, and early in the morning of December 29, 1908." The word "during" used in the indictment means "in the life of: in the time of: in the course of" those days. Century Dictionary. "During coverture" means "while the marriage lasts." State v. Fry, 4 Mo. 159. "During such trial" includes all the proceedings from the impaneling of the jury to the receiving and according of the verdict. Maurer v. People, 43 N. Y. 3. It was material, then, within the terms used in this indictment, to know whether Bell, Patterson, and Thompson were in Huntington, Ark., at any time during December 28th, and that night, and the morning of December 29, 1908. It is not alleged that it was material to know whether Bell, Patterson, and Thompson were in Huntington at·

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

any particular hour of the day, night, and morning named, but either during the day, night, and morning named, either during the course of the day, night, and morning named. Having so alleged, the indictment then alleges that the defendant willfully, corruptly, and contrary to his oath testified in substance and to the effect following; that is to say:

"That he knew said defendants James C. Bell and John Patterson, and that they, the said James C. Bell and John Patterson, came to his hotel, the Buffalo Hotel, in Sapulpa, Okl., about December 23, 1908, and that they, the said James C. Bell and John Patterson, remained at his said hotel every night continually until December 28, 1908; that said James C. Bell and John Patterson ate breakfast at the Buffalo Hotel in Sapulpa, Okl., on the morning of December 28, 1908; that James C. Bell and John Patterson left said Buffalo Hotel in Sapulpa, Okl., about 8 or 9 o'clock a. m. on December 28, 1908."

Having alleged that the evidence set out was willfully and corruptly false and contrary to defendant's said oath, the indictment then alleges specifically that each and every of said statements made by him was false at the time he made them, and that he did not believe them to be true, and then closes with the ordinary formal allegation of the crime of perjury thus committed. It is therefore alleged in the indictment what was a material inquiry, what the defendant testified to, and that it was corruptly and willfully false. But it is said that it does not appear from the indictment how the willful and corrupt testimony was material, because it does not appear on what day the robbery was alleged to have been committed, for which Bell, Patterson, and Thompson were on trial at the time the false testimony was given, and, as the court cannot see with its judicial eye how it was material, that the indictment is insufficient. In Markham v. United States, 160 U. S. 325, 16 Sup. Ct. 291, 40 L. Ed. 441, the court said:

"In King v. Dowlin, above cited, Lord Kenyon said that it had always been adjudged to be sufficient in an indictment for perjury to allege generally that the particular question became a material question. So in Commonwealth v. Pollard, 12 Metc. [Mass.] 225, 229, which was a prosecution for perjury, it was said that it must be alleged in the indictment that the matter sworn to was material, or the facts set forth as falsely and corruptly sworn to should be sufficient in themselves to show such materiality."

So it therefore appears that, if "the facts set forth as falsely and corruptly sworn to should be sufficient in themselves to show such materiality," the indictment is good. So, here, it is not necessary to show how the false testimony was material. It is enough if it appears upon the face of the indictment that it was material to the matter under inquiry.

But it is argued that all the defendant's testimony set out in this indictment might be true, and still Bell, Patterson, and Thompson could be guilty of the robbery, and therefore it does not appear that the defendant's alleged false evidence was material. This argument assumes that to make defendant guilty the false testimony must have been such as, if true, to preclude the guilt of Bell, Patterson, and Thompson, and that it must be so made to appear in the indictment. The argument is ingenious, but fallacious and unsound. It is misleading, in this: that the question is not whether defendant's testimony, if

true, precluded the guilt of Bell, Patterson, and Thompson, but whether it had any bearing on the issues involved in their trial—whether it was material to the issues. In 2 Archbold on Criminal Practice and Pleading, p. 1727, the author says:

"The statement alleged to be false must be material to the subject then under consideration, otherwise it does not amount to the offense of perjury; but, if it tend, even circumstantially, to the proof of the issue, it will be material."

Can it be fairly said that the testimony of the defendant which accounted for the whereabouts of Bell, Patterson, and Thompson during the night of December 28 and the morning of December 29, 1908, as being in the town of Sapulpa, in the state of Oklahoma, is not material to an indictment which alleges that it was a material inquiry in the trial of said Bell, Patterson, and Thompson to know whether they were in the town of Huntington, in Sebastian county, in the state of Arkansas, during the 28th day of December, and the night thereof and the morning of the 29th of December, 1908? Can it be said that, if they were in Sapulpa at half past 8 or 9 o'clock on December 28, 1908, it throws no light upon the question as to whether they were in the town of Huntington, Ark., during the course of the same day and of that night, and the early morning? It seems to me the question answers itself. This indictment may not be as artistically drawn as it might be, but I think it good, either on demurrer or on motion in arrest of judgment. Section 1025, Rev. St. (U. S. Comp. St. 1901, p. 720), provides that:

"No indictment found and presented by a grand jury in any District or Circuit Court or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection of matter or form only, which shall not tend to the prejudice of the defendant."

It cannot be possible that the defendant in this case has been misled or prejudiced by any defect of form or substance in this indictment, and, unless he has, there is nothing of which he can complain.

The motion in arrest of judgment is overruled.