## WOOLLEY v. UNITED STATES.
### No. 8687.

Circuit Court of Appeals, Ninth Circuit.

May 31, 1938.

260

Emmett E. Doherty and Joseph F. Rank, both of Los Angeles, Cal. (Solomon Rosenbaum, of Los Angeles, Cal., of counsel), for appellant.

Ben Harrison, U. S. Atty., and Norman W. Neukom, Asst. U. S. Atty., both of Los Angeles, Cal., and Roger Kent, Atty., Securities & Exchange Commission, of San Francisco, Cal. (Roger Kent, of San Francisco, Cal., of counsel), for the United States.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellant was convicted of perjury under an indictment charging the giving of false testimony in an investigation conducted by the Securities and Exchange Commission.

Orders of the trial court overruling a demurrer to the indictment and denying a motion to quash are assigned as error. Errors are also assigned in the admission and rejection of evidence; and certain constitutional infirmities are urged as against the Securities Act of 1933, 15 U.S. C.A. § 77a et seq.

In the main, the arguments relating to the sufficiency of the indictment are too lacking in substance to justify detailed statement or consideration. The grounds of the demurrer and motion were that facts sufficient to constitute an offense under the perjury statute are not alleged; that the Securities and Exchange Commission, before which the act of perjury is alleged to have been committed, is not a lawfully constituted body; that the nature of the investigation being conducted before the commission is not set out; that the particular office held by the officer administering the alleged oath is not disclosed; and that the indictment is ambiguous and uncertain in ten different particulars.

The indictment charges that on July 18, 1936, a certain investigation came on to be heard in the southern district of California before the Securities and Exchange Commission, the latter having full power and jurisdiction to conduct the same; and that thereupon the circumstances surrounding the organization, the incorporation, and the operation of Cota Oil Company, a Utah corporation, and the connection of the defendant therewith, became and were material questions in the investigation; that the defendant was called as a witness in the investigation and was duly sworn by Charles R. Burr, an officer of the Securities and Exchange Commission designated to conduct the investigation, the said Burr as such officer being duly authorized and empowered under the laws of the United States to administer such oath; that defendant, as a witness in the investigation, and being so duly sworn, falsely testified in substance that he did not organize, incorporate, nor operate said Cota Oil Company, nor cause it to be organized, incorporated, nor operated, and that he had nothing to do with said corporation, and that he had no connection with it; whereas in truth and in fact the defendant caused the corporation to be organized and incorporated and operated; that in fact he requested one Adamson to become an incorporator, director, and officer of the corporation, and to transfer to the corporation certain properties in which the de-

fendant had a beneficial interest; and in fact defendant was authorized to and did sign checks, drafts, and other documents for and on behalf of the corporation, and did participate in the operation of it. It is alleged that in all particulars the testimony, statements, and declarations so testified to by the defendant were material matter in and to the investigation and were not true but false, and were not by the defendant believed to be true but were believed by him to be false.

The indictment fulfills the requirements of R.S. § 5396, 18 U.S.C.A. § 558. The charge is explicit, complete, and without substantial ambiguity. It is not necessary that an indictment set forth a myriad of detail, or that it satisfy every objection which human ingenuity may devise. It is enough if it charges every substantial element of the offense and at the same time apprises the accused of the charge against him in such manner that he can prepare his defense without being taken by surprise, and that he have the assurance that he will be protected against another prosecution for the same offense. Claiborne v. United States, 8 Cir., 77 F.2d 682. In an indictment for perjury the materiality of the perjured statement may be made to appear either by a general allegation of materiality, Markham v. United States, 160 U.S. 319, 16 S.Ct. 288, 40 L.Ed. 441, or by the pleading of facts showing materiality, Berry v. United States, 9 Cir., 259 F. 203.

■ It is claimed that the indictment does not disclose that the proceeding was of such a character as to be within the jurisdiction of the commission. The point here seems to be that the investigation was ex parte, and that there can be no perjury in a proceeding of that kind. The only case cited for this proposition is United States v. Rhodes, D.C., 212 F. 518, but see United States v. Coyle, D.C., 229 F. 256. Many cases are to be found in the books in which convictions for perjury

were predicated on the giving of false testimony in ex parte investigations, and the point is obviously lacking in merit. See Markham v. United States, supra (testimony before pension examiner); Glickstein v. United States, 222 U.S. 139, 32 S.Ct. 71, 56 L.Ed. 128 (testimony before referee in bankruptcy); Caha v. United States, 152 U.S. 211, 14 S.Ct. 513, 38 L.Ed. 415 (testimony before officers of the Land Office); Hardwick v. United States, 9 Cir., 257 F. 505 (affidavit under selective service act); Seymour v. United States, 8 Cir., 77 F.2d 577, 99 A.L.R. 880 (testimony before Senate investigating committee).

■ The investigation in the course of which the alleged perjury occurred was held under §§ 19(b) and 20(a) of the Securities Act of 1933, 15 U.S.C.A. §§ 77s (b), 77t(a). It is claimed that § 20(a) is so unintelligible as to be unconstitutional. This section is quoted on the margin.[1] The argument is that the statute does not make clear to whom the words "such person" refer, there being no antecedent word for them to modify; and that this uncertainty leads to the further uncertainty as to what facts the commission is empowered to investigate. It is said that these words may refer to the person making complaint, to the person accused of violating the act, or to some one else. Because of this supposed constitutional infirmity, appellant asserts that the officer conducting the investigation had no jurisdiction and that the entire proceeding was void.

While § 20(a) is not a model of draftsmanship, we agree with counsel for the Government that the words "such person" were intended to have reference to the complainant. However, the section clearly authorizes the commission to conduct an investigation of its own motion. The power of the commission so to do is clearly implied from § 19(b), 15 U.S.C.A. § 77s (b).[2] The requirement or permission to

[1] "Whenever it shall appear to the Commission, either upon complaint or otherwise, that the provisions of this subchapter, or of any rule or regulation prescribed under authority thereof, have been or are about to be violated, it may, in its discretion, either require or permit such person to file with it a statement in writing, under oath, or otherwise, as to all the facts and circumstances concerning the subject matter which it believes to be in the public interest to investigate, and may investigate such facts."

[2] "For the purpose of all investigations which, in the opinion of the Commission, are necessary and proper for the enforcement of this subchapter, any member of the Commission or any officer or officers designated by it are empowered to administer oaths and affirmations, subpena witnesses, take evidence, and require the production of any books, papers, or oth-

file a written statement, as preliminary to an investigation, is discretionary with the commission and is not jurisdictional. None of appellant's rights has been jeopardized because of the claimed uncertainty, and in any event the investigation was authorized by § 19(b).

■ Appellant assigns as error the admission in evidence of a copy of the articles of incorporation of the Cota Oil Company, the objection being that the document was not properly authenticated. He has failed to show, however, that the admission of the articles was prejudicial. The sole purpose of the evidence was to establish the fact of incorporation. The substance of the articles was not in issue. The fact of incorporation was abundantly established by other testimony.

■ Error is assigned in the admission into evidence of certain allegedly false testimony given by appellant before the commission, on the ground that the testimony was not responsive to the questions asked. Assuming that his testimony at the investigation was volunteered, the statements of accused were material and, if wilfully false, constituted perjury. Consequently, the fact that he had so testified was properly admitted in evidence against him.

■ Numerous errors are assigned in connection with the admission of evidence relating to matters taking place prior to June 27, 1933. The order of the commission authorizing the investigation refers to violations alleged to have occurred between June 27, 1933, and July 3, 1936, the last being the date of the order. The argument is that the scope of the investigation should have been limited to facts occurring within this period, and that the commission had no jurisdiction to investigate any other facts.

The Securities and Exchange Commission, as a fact-finding body, performs a function similar to that of a grand jury, "the scope of whose inquiries is not to be limited narrowly by questions of propriety or forecasts of the probable result of the investigation," Blair v. United States, 250 U.S. 273, 39 S.Ct. 468, 471, 63 L.Ed. 979. Such a body is not constrained by techni-

cal rules of admissibility. Interstate Commerce Commission v. Baird, 194 U.S. 25, 24 S.Ct. 563, 48 L.Ed. 860. The test of materiality is whether the false testimony has a natural tendency to influence the fact-finding agency in its investigation. If the testimony has such a tendency, it will support a conviction for perjury. See Carroll v. United States, 2 Cir., 16 F.2d 951. We have considered all the evidence referred to in the assignments of error on this question and conclude that it was material to the investigation before the commission, and evidence that such testimony was given at the investigation was properly admitted in the perjury trial.

■ It is contended that the commission alone, under the provisions of the act, has authority to determine what matters are material to an inquiry, and that this authority cannot be delegated to the examining officer. The argument is based on the provisions of § 19(b), heretofore quoted. There is nothing in the language of the section to justify the argument. To adopt such interpretation would be to emasculate the provision relating to the appointment of examining officers, and require all proceedings to be conducted by the commission itself.

■ It is said that the court erred in refusing to permit appellant to show that the alleged false testimony was not given at a public hearing. Reliance is placed on § 21 of the act, 15 U.S.C.A. § 77u, which provides that "all hearings shall be public and may be held before the Commission or an officer or officers of the Commission designated by it, and appropriate records thereof shall be kept."

A rule of the commission allows investigations to be made privately. Investigations authorized by the act are not synonymous with hearings. Securities and Exchange Commission v. Torr, D.C., 15 F.Supp. 144; In re Securities and Exchange Commission, 2 Cir., 84 F.2d 316, reversed in Bracken v. Securities & Exchange Commission, 299 U.S. 504, 57 S.Ct. 18, 81 L.Ed. 374, on the ground that the cause had become moot. The rule in question is not unreasonable and would seem to be clearly authorized by the act. Se-

er documents which the Commission deems relevant or material to the inquiry. Such attendance of witnesses and the production of such documentary evidence may be required from any place in the United States or any Territory at any designated place of hearing."

curities and Exchange Commission v. Torr, supra.

The evidence was ample to warrant the conviction and we find no error justifying a reversal.

Judgment affirmed.