## LA SALLE v. UNITED STATES.
### No. 3292.

Circuit Court of Appeals, Tenth Circuit,
May 14, 1946.

---

Division of the District of Kansas, a grand jury of the United States, which had been duly and regularly impaneled, sworn, and charged to inquire into offenses against the United States committed in the District of Kansas, was investigating a charge against certain named persons accused of violating § 145(b) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 145(b), and that LaSalle appeared as a witness before the grand jury. That an oath was required, was duly administered to LaSalle and taken by him, was sufficiently alleged.

It further charged that upon such investigation before the grand jury, "the fact as to whether Joe LaSalle on or about the night of September 30, 1944, and the morning of October 1, 1944, was present at a conversation in the County Jail of Sedgwick County, and did, after said conversation, in the company of others, drive to a certain field in Sedgwick where certain liquor was obtained and placed in an automobile belonging to one Robert Brunch were material and relevant matters and questions relating" to the charge being investigated by the grand jury; that LaSalle, in answer to the following questions, willfully, falsely, and corruptly testified as follows:

"Q. You never were present at any time at the County Jail with Carnahan and Brunch? A. No.

"Q. At any time? A. That is right.

"Q. Ever? A. That is right, sir.

"Q. All right, you never went with Bob Brunch at any time in an automobile for the purpose of picking up some liquor? A. No, sir.

"Q. Did you ever ride with Bob Brunch in an automobile in which there was any liquor? A. No, sir.

"Q. I will ask you further if on the same occasion you and Brunch and Moline didn't go out to the home of Ivan Pierce and took Mrs. Pierce into the car, went over to some farm where Brunch drove into a field, then found the field to be muddy and having a new car he left you there and went back to town and got another car, which he brought back and you then loaded some liquor into that car? A. No, sir.

"Q. That never happened? A. No, sir.";

Edward Rooney, of Topeka, Kan. (Jacob A. Dickinson, of Topeka, Kan., and Dallas M. Potts, of Wichita, Kan., on the brief), for appellant.

Randolph Carpenter, U. S. Atty., of Topeka, Kan. (Sewall Key, Acting Asst. Atty. Gen., and J. Louis Monarch and Ernest R. Mortenson, Sp. Assts. to Atty. Gen., on the brief), for the United States.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

An indictment, returned against LaSalle, charged that on June 21, 1945, in the Second

and "that Joe LaSalle at the time he made the statements aforesaid · then and there knew that such· statements were * * * false and untrue in that he had been present at the County Jail of Sedgwick County with the persons referred to and thereafter did drive to a certain field in Sedgwick County where liquor was loaded into an automobile belonging to Robert Brunch."

LaSalle entered a plea of not guilty to the indictment and waived trial by jury. On the day the case came on for trial, LaSalle asked leave to withdraw his plea in order that he might file a motion to quash the indictment. Leave was denied. The trial proceeded. After the identification of the first witness for the United States, LaSalle objected to the introduction of any evidence on the ground that the indictment did not charge any offense against the United States. The objection was overruled. Thereupon, LaSalle entered a plea of guilty. LaSalle also challenged the sufficiency of the indictment by a motion in arrest of judgment. The motion was overruled and sentence imposed.

18 U.S.C.A. § 558 provides:

"In every presentment or indictment prosecuted against any person for perjury, it shall be sufficient to set forth the substance of the offense charged * * * together with the proper averment to falsify the matter wherein the perjury is assigned, * * *."

█ The test of materiality in a grand jury investigation is whether the false testimony has a natural effect or tendency to influence, impede, or dissuade the grand jury from pursuing its investigation, and, if it does, an indictment for perjury may be predicated upon it.[1]

██ The materiality of the false statements is sufficiently charged, if the facts alleged show such statements were material.[2] Here, the indictment alleged that certain facts were material to the charge under investigation and set forth the false testimony which LaSalle gave. That testimony had direct relation to the facts which the indictment charged were material to the charge under investigation. It, therefore, affirmatively appeared that the false testimony which LaSalle gave was material.

█ The indictment alleged that the testimony which LaSalle gave was false in that he was present at the county jail of Sedgwick County with Carnahan and Brunch and in that he, thereafter, drove to a certain field in Sedgwick County where liquor was loaded into an automobile belonging to Brunch. It is true that the question propounded to LaSalle with respect to the county jail did not include the words "of Sedgwick County" but the grand jury was sitting in Wichita only two blocks distant from the Sedgwick County jail, and it must have been clear to LaSalle that the question referred to the Sedgwick County jail. It is likewise true that the question propounded with respect to the automobile did not describe it as belonging to Brunch, and did not embrace the location of the field, but if, after the conversation at the county jail, LaSalle drove to a certain field in Sedgwick County where liquor was loaded into an automobile belonging to Brunch, then his statement that he and Brunch did not go to a field and did not load liquor into a car was clearly false.

We conclude the assignment of perjury was sufficient.

Affirmed.

---

[1] United States v. Hirsch, 2 Cir., 136 F.2d 976, 977; Carroll v. United States, 2 Cir., 16 F.2d 951, 953.
[2] Travis v. United States, 10 Cir., 123 F.2d 268, 270; Markham v. United States, 160 U.S. 319, 325, 16 S.Ct. 288, 40 L.Ed. 441.