## UNITED STATES v. YOUNG.
### Crim. A. No. 355–52.

United States District Court
District of Columbia.

April 29, 1953.

Wm. A. Paisley, J. Frank Cunningham and John F. Byerly, Washington, D. C., for the United States.

James F. Reilly, Harry A. Calevas, Washington, D. C., Vernon W. Turner, Homestead, Fla., for defendant.

McGUIRE, District Judge.

Motion for new trial denied on all grounds. With particular reference to ground No. 1, namely, that the indictment was fatally defective because it failed to set forth the person before whom the oath was taken together with his authority to administer the same, I hold this is of no moment despite the opinion of the United States Court of Appeals for the Fifth Circuit in the matter of U. S. v. Debrow, 203 F.2d 699, which I conclude is neither controlling nor persuasive.

The only purpose of an indictment is to set forth with clearness and all

necessary certainty the offense charged so that the defendant may be made aware of the crime of which he stands accused. There is nothing esoteric about it. Its purpose is to furnish him with such a description of the charge against him as will enable him to make his defense and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause and secondly,—and often forgotten—to inform the Court of the facts alleged so that it may decide whether they are sufficient in law to support a conviction if one should be had. As a consequence, therefore, facts must be stated and not conclusions of law alone, because a crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time and place and circumstance. That is all that is required.

Here the crime alleged is perjury. Perjury is defined under our Statute, Title 14, Sec. 102, 1951 Ed., D.C.Code, as a "swearing, affirming, or declaring, or giving testimony in any form where an oath is authorized by law * * *" and where the person charged "is lawfully sworn" and in any case "where he would be guilty of said crime if sworn according to the forms of the common law."

The particular statute under which the indictment was drawn reads as follows, Title 22, Sec. 2501, D.C.Code, 1951 Ed.:

"Every person who, having taken an oath or affirmation before a competent tribunal, officer, or person, in any case in which the law authorized such oath or affirmation to be administered, that he will testify, declare, depose, or certify truly * * * and contrary to such oath or affirmation states * * * any material matter which he does not believe to be true, shall be guilty of perjury * * *."

Title 23, Sec. 204, D.C.Code, 1951, with reference to the sufficiency of an indictment for perjury under the section referred to above, reads as follows:

"In every information or indictment to be prosecuted against any person for wilful and corrupt perjury, it shall be sufficient to set forth the substance of the offence charged upon the defendant, and by what court, or [italics supplied] before whom the oath was taken (averring such court, or person or persons, to have a competent authority to administer the same) * * *."

I conclude that under this Section the charge that the Senate Subcommittee was a *competent tribunal* (a fact admitted by the defense and, therefore, not in issue) complies with the statute and particularly with that section requiring averment to the effect that the tribunal was competent to administer the oath. And I further conclude that by its very nature as an admitted "competent tribunal" since an oath was taken it matters not who administered it. The essential element is that of the competency of the tribunal, and what is argued here as a fatal defect is merely one of form and not of substance. See generally: U. S. v. Mills, 7 Pet. 138, 32 U.S. 138, 139, 141, 142, 8 L.Ed. 636; (although the matter there involved was a misdemeanor, the principle is the same.)

The gist of the offense is the false oath before a competent tribunal and its essential elements have been communicated to the accused.

There is basically no difference between the so-called general federal statute and the local District one, under which the indictment here was secured.

Both these statutes, Title 18, U.S.C. 1621 and the local one, in all essential respects appear to be a reenactment of the British statute, 23 Geo. II, Chap. 11. Under that statute "it shall be sufficient to set forth the substance of the offense charged, and by what court, etc. or [italics supplied] before whom the oath was taken (averring such court, etc. to have competent authority to administer the same * * *)." The King v. Dowlin, 5 T.R. 311, 319.

The sufficiency in an indictment for perjury of merely setting forth "the substance of the offense is not new in the statutes of the United States. It is so provided in the crimes act of April 30, 1790 (1 Stat. 112, 116, c. 9, § 18).; and the latter act, in the particular mentioned, was the same

as that of 23 Geo. II, c. 11 * * *" referred to above. Markham v. United States, 1895, 160 U.S. 319, 324, 16 S.Ct. 288, 290, 40 L. Ed. 441. (In that case, however, it was necessary to name the individual before whom the oath was taken and to set forth his grant of authority, because he was a special examiner of the Pension Bureau.) Here the tribunal, being competent, and admitted to be such, had inherent authority by virtue of what it was to impose the sanction of the oath, and it was no more necessary to set forth the name of the functionary before whom the oath was taken any more than it would be necessary to aver the name of the Clerk if the matter alleged to be perjurious took place before a court of competent jurisdiction. The averment of the competency of the tribunal and that of the fact that an oath was administered, under authority of law, is sufficient, and descent to the particular not required.

Hilliard v. United States, 1928, 24 F.2d 99, which the Court of Appeals for the Fifth Circuit relies on so heavily in support of its opinion, does not in any way, as I read it, gainsay what has been said above. It merely reiterates what was said generally in the Markham case, supra, and I find nothing there either contrary to or in any way militative against what has been held here.

Apart from all this, the Court further concludes that if such averment is necessary, then it appears such requirement is in conflict with the Federal Rules of Criminal Procedure,[1] and must be regarded as having been superseded by such rules— and this applies to the local statute as well.

For Fed.Rules Crim.Proc. rule 7(c), 18 U.S.C.A. relating to indictments, generally provides that "the indictment or the information shall be a plain, concise and definite * * * statement of the essential facts constituting the offense charged. * * It need not contain * * * any other matter not necessary to such statement * *."

They were designed to eliminate technicalities long outmoded. The relict of an era when men were hanged for crimes capital other than murder and treason—and mostly against property, and carried over with the great body of English common and statutory law into the law of the colonies.[2]

I think Judge Rives, in his dissent in the Debrow case, supra, has stated the law as it is today at least in the Federal courts, and he has both reason and basic common sense on his side, and with whose opinion this Court not only agrees but concurs.

---

1. The Act of June 29, 1940, 18 U.S.C.A. § 687 [now § 3771], provides that on promulgation of the Rules all laws in conflict therewith shall be of no further force or effect.

2. "I do not think that anything has tended more strongly to bring the law into discredit than the importance attached to such technicalities * * *. As far as they went their tendency was to make the administration of justice a solemn farce. Such scandals do not seem, however, to have been unpopular. Indeed, I have some doubt whether they were not popular, as they did mitigate, though in an irrational, capricious manner, the excessive severity of the old criminal law." History of the Criminal Law of England, Stephen, Vol. 1, McMillan & Co., 1883, C. IX, p. 284.