UNITED STATES of America, Plaintiff,

v.

J. R. SIMPLOT, Defendant.
No. Cr–40–61.

United States District Court
D. Utah,
Central Division.
April 3, 1961.

William Jack Adams, Asst. U. S. Atty., Salt Lake City, Utah, for plaintiff.

Paul H. Ray, Ray, Quinney & Nebeker, Salt Lake City, Utah, Lloyd E. Haight, Jess Hawley, Jr., Hawley & Hawley, Boise, Idaho, for defendant.

CHRISTENSON, District Judge.

The defendant has moved to dismiss the following indictment for perjury on the ground that it is fatally defective for uncertainty:

"The Grand Jury charges:

"That on or about February 8, 1960, J. R. Simplot, having taken an oath before the United States District Court for the District of Utah in a case being heard in that court, to wit, Archer vs. J. R. Simplot Company, Civil No. C–31–58, in which case the law of the United States authorized an oath to be administered, that he would testify truly, willfully and contrary to such oath stated and testified to a material matter which he did not believe to be true, said testimony was to an alleged conversation between himself and John Archer in Sun Valley, Idaho, in the spring of 1954, concerning the termination of their business relationship, in violation of Section 1621, Title 18, United States Code."[1]

In support of the motion it is urged that the indictment does not disclose with sufficient definiteness the materiality of the allegedly false testimony, what portion of the testimony referred to was false, or the words or substance of any testimony that is claimed to have been false.

■■ The first two assignments of alleged uncertainty readily can be resolved against the contentions of the

---

1. "§ 1621. Perjury generally

"Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury, and shall, except as otherwise expressly provided by law, be fined not more than $2,000 or imprisoned not more than five years, or both."

defendant by noting that materiality in an indictment may be,[2] and is in this case, generally alleged, and if any testimony is sufficiently charged as being false the charge as to all of the testimony referred to is adequate.[3]

■ The third assignment of uncertainty, however, may not be so summarily rejected. Counsel for the defendant points out that it cannot be told from the indictment whether the defendant is charged with testifying falsely with respect to the occurrence of a conversation between the defendant and Archer, what was said therein, the place of the conversation, the time of the conversation, or with respect to all of these circumstances. As noted above, this in and of itself would not be fatal to the charge. But beyond this it appears doubtful that, with respect to any matter mentioned, there is an allegation that the defendant testified falsely. It has been held that an indictment substantially in the words of the statute, as is this one, but followed by a specification of the testimony, need not expressly aver that such testimony was false where this appears through necessary implication.[4] But where, as here, only the subject matter of the testimony is indicated and not its words, or substance, or at the very least its general tenor or direction, there is nothing to which to tie the conclusion of falsity, unless it may be said that an indictment for perjury in the words of the statute without any

specification at all would be sufficient to state a public offense.

The Government relied in its oral argument upon the opinion in United States v. Debrow, 1953, 346 U.S. 374, 74 S.Ct. 113, 114, 98 L.Ed. 92, for the contention that no specificity beyond the terms of the statute is essential to a valid indictment. It calls attention to the fact that in the opinion last mentioned the portions of the indictment therein quoted are in the words of the statute, that the further particulars which apparently the indictment contained are eliminated from the quotation and that the material quoted in the opinion is preceded by the statement "Each indictment read in material part as follows: * * *." However, I would read the latter statement as meaning that the portion of the indictment quoted was the only part material to the points raised in that particular appeal, and not that the omitted specifications would not be material had they been left out of the indictment as it was returned by the Grand Jury. Support for this interpretation is found in the opinion of the Circuit Court, 5 Cir., 1953, 203 F.2d 699, wherein it is indicated that in addition to the portion of the indictment quoted by the Supreme Court as material to the problem involved, there was a recitation of the allegedly false testimony which would be fully adequate as against the objection urged by the defendant here.[5] Thus there was no occasion in the Debrow

2. Markham v. United States, 1895, 160 U.S. 319, 16 S.Ct. 288, 40 L.Ed. 441; Travis v. United States, 10 Cir., 1941, 123 F.2d 268; Woolley v. United States, 9 Cir., 1938, 97 F.2d 258, certiorari denied 305 U.S. 614, 59 S.Ct. 73, 83 L.Ed. 391; cf. La Salle v. United States, 10 Cir., 1946, 155 F.2d 452.

3. Arena v. United States, 9 Cir., 1955, 226 F.2d 227, certiorari denied 350 U.S. 954, 76 S.Ct. 342, 100 L.Ed. 830; United States v. Otto, 2 Cir., 1931, 54 F.2d 277.

4. Flynn v. United States, 9 Cir., 1949, 172 F.2d 12, certiorari denied 337 U.S. 944, 69 S.Ct. 1409, 93 L.Ed. 1747.

5. In the Debrow case the indictment, in addition to alleging allegations based upon the substance of the statute itself, contained the following allegations: "That the aforesaid testimony of the defendant, as he then and there well knew and believed was untrue in that on the way up to the Century Building, at Jackson, Mississippi, to see the members of the Mississippi Democratic Committee, Professor Hill did not state to the defendant that he would like to make a thousand dollar contribution to the Committee and requsted the defendant to make the contribution for him. (Sec. 1621, Title 18 U.S.C.)" United States v. Debrow, 5 Cir., 1953, 203 F.2d 699, 703 (dissenting opinion).

case to consider the question now before me.

United States v. Remington, 2 Cir., 1951, 191 F.2d 246, 248, certiorari denied 343 U.S. 907, 72 S.Ct. 580, 96 L.Ed. 1325, is cited by the Government in support of its position that the indictment is sufficient. The indictment in that case, however, is not apposite to the one with which we are concerned here. In Remington, for example, the indictment set out the specific answer which was claimed to have been false, i. e. that Remington had never been a member of the Communist Party, and then alleged that "the aforesaid testimony of the defendant, as he then and there well knew and believed, was untrue in that the defendant had been a member of the Communist Party." Of course, if the indictment before me had alleged what the claimed untrue statement was, as in the Remington case, I should have no question; and if in Remington only an indication of the fact that the claimed false statement related in some way to Communism or membership of the defendant in that Party, I feel confident that the indictment there would not have been deemed sufficient.

■■ I am of the opinion that an indictment for perjury substantially in the terms of the statute without specification to some extent of the testimony claimed to have been false does not contain a plain, concise, and definite statement of the offense charged as required by the Federal Rules of Criminal Procedure,[6] and does not, acceptably to the Constitution, inform the defendant of the nature and cause of the accusation against him.[7] It is not sufficient to charge an offense in the words of the statute creating it, unless such words themselves, without uncertainty, set forth all essential elements to con-

stitute the crime intended to be punished. United States v. Carll, 1882, 105 U.S. 611, 26 L.Ed. 1135; Lowenburg v. United States, 10 Cir., 1946, 156 F.2d 22; Meer v. United States, 10 Cir., 1956, 235 F.2d 65.

Does the additional allegation contained in the indictment in question cure what otherwise would be a fatal deficiency?:

"* * * said testimony was to an alleged conversation between himself and John Archer in Sun Valley, Idaho, in the spring of 1954 concerning the termination of their business relationship * * *."

Stated another way, does a statement of the general subject matter of allegedly false testimony, with no indication whatsoever as to its substance, tenor or direction satisfy the requirements of the Constitution and of the rule? In the context in which the problem is presented here, I do not think that it does. The court is left to speculate as to the intent or substance of any testimony claimed to have been false and the only fact which the defendant now knows, or which another court in considering a plea of res judicata would know, is that sometime during the day referred to in the indictment the defendant is claimed to have testified under oath falsely about something in some way relating to an alleged conversation between himself and John Archer in Sun Valley, Idaho, in the spring of 1954 touching upon the termination of their business relationship. It may be that the Government may know what is meant to be referred to as the false statement or statements. If so, it would seem simple to frame a proper indictment. This has not been done. United States v. Cruikshank, 1876, 92 U.S. 542, 23 L.Ed. 588; United States v. Latti-

---

6. "Rule 7. The Indictment and the Information * * *

"(c) Nature and Contents. The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged * * *"

7. Amendment VI to the Constitution of the United States:

"In all criminal prosecutions, the accused shall enjoy the right * * * to be informed of the nature and cause of the accusation * * *."

more, 1954, 94 U.S.App.D.C. 268, 215 F.2d 847; Hogue v. United States, 5 Cir., 1912, 192 F. 918; Hogue v. United States, 5 Cir., 1910, 184 F. 245; United States v. Laut, D.C.S.D.N.Y.1955, 17 F. R.D. 31.

The motion to dismiss the indictment must be granted. The indictment is dismissed.