**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Peter H. J. ROOK, Defendant-Appellant.**

**No. 17455.**

United States Court of Appeals,
Seventh Circuit.

March 3, 1970.

Rehearing Denied March 18, 1970.

Certiorari Denied June 15, 1970.
See 90 S.Ct. 2180.

Michael Van de Kerckhove, Chicago, Ill., for appellant.

Peter H. J. Rook, pro se.

Thomas A. Foran, U. S. Atty., Chicago, Ill., John Peter Lulinski, Michael B. Nash, Nicholas M. Karzen, Allan E. Lapidus, Asst. U. S. Attys., of counsel, for appellee.

Before HASTINGS, Senior Circuit Judge, and CUMMINGS and KERNER, Circuit Judges.

HASTINGS, Senior Circuit Judge.

Defendant Peter H. J. Rook was indicted on two counts charging perjury in violation of 18 U.S.C.A. § 1621.[1] He was represented by counsel and first entered a plea of not guilty to both counts. Subsequently, he changed his plea to guilty on Count 1. Count 2 was then dismissed. The district court sentenced defendant to three years imprisonment to run consecutively to a sentence defendant was then serving in the State of California Correctional Training Facility. Defendant appeals from the judgment of conviction and sentence. We affirm.

On April 12, 1967, defendant testified before the Honorable Abraham L. Marovitz, Judge of the United States District Court for the Northern District of Illinois, in the case of United States v. Dillon (No. 66 CR 373), having been returned from California, while in custody, for that purpose. After he testified, Judge Marovitz ordered him to remain in custody in the court's jurisdiction until further notice. It was understood that defendant was being held here for investigation of perjury charges.

Between April 14 and May 2, 1967, defendant, while in custody and at his own request, met on three occasions with FBI agents and an Assistant United States Attorney. Before each of these meetings defendant signed a waiver of rights form. During the meetings, he made several incriminating statements.

On May 2, 1967, defendant was taken before a grand jury and admitted his perjury in the *Dillon* trial and implicated one Robert Stanley who, he claimed, suborned such perjury. No indictments were returned. The inquiry was again pursued by a subsequent grand jury and it returned the instant two count indictment against defendant.

On October 7, 1968, at a hearing on his motion to suppress certain evidence, defendant changed his plea to guilty on Count 1 as above set out. The district court inquired whether defendant was making the plea voluntarily and whether he understood the consequences of the plea. The court did not inquire into

---

1. " § 1621. Perjury generally

Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury * * *."

whether defendant understood the nature of the charge to which he was pleading nor whether there was a factual basis for the plea.

Defendant first contends that the indictment was unconstitutionally vague and indefinite and did not comply with Rule 7(c), Federal Rules of Criminal Procedure, Title 18, U.S.C.A., which requires a "plain, concise and definite" statement of the offense charged.

In Collins v. Markley, 7 Cir., 346 F.2d 230, 232 (1965), cert. den. 382 U.S. 946, 86 S.Ct. 408, 15 L.Ed.2d 355, we said: "The sufficiency of an indictment should be determined by practical rather than technical considerations. * * * The sufficiency of an indictment is to be measured by certain guide lines. First, the indictment standing alone must contain the elements of the offense intended to be charged, and it must be sufficient to apprise the accused of the nature of the offense. Second, after conviction, the record of the case must be sufficient so that the accused can plead the judgment in bar of any subsequent prosecution for the same offense. * * * Prejudice to a defendant is also a controlling factor."

In the instant case, defendant claims the indictment is deficient in that it fails to state facts showing that his testimony in the *Dillon* trial was material and fails to set out *in haec verba* the allegedly false testimony. He further urges that the district court erred in denying his motion for a bill of particulars seeking such information. These contentions lack merit.

■■ It is well settled that materiality may be charged by a single allegation of materiality rather than by allegations of facts which, if true, show materiality. Markham v. United States, 160 U.S. 319, 16 S.Ct. 288, 40 L.Ed. 441 (1895); Bilderback v. United States, 5 Cir., 249 F.2d 271, 273 (1957), cert. den. 356 U.S. 946, 78 S.Ct. 793, 2 L.Ed.2d 820 (1958); and Travis v. United States, 10 Cir., 123 F.2d 268, 269–270 (1941). The indictment here meets this test. It sets out three specific facts that were material to the *Dillon* trial. It sets out, "in substance," what defendant falsely testified to concerning those matters. It then concludes that defendant "did wilfully, knowingly and contrary to the oath * * * state material matters which he did not believe to be true * * *."

It was not necessary that the indictment set out, *in haec verba*, the allegedly false testimony. It set out such testimony "in substance" and the record shows that defendant's counsel had in his possession a transcript of defendant's entire testimony at the *Dillon* trial. We find this sufficient in the instant case.

The subject indictment contains every essential ingredient of the offense charged and fully responds to the guidelines laid down in Collins v. Markley, *supra* and Rule 7(c), *supra*. We find it to be sufficient in all respects.

■ Defendant next contends that his constitutional rights were violated in obtaining the indictment. We need not reach the doubtful merits of this claim since defendant voluntarily pleaded guilty to the charge and thus waived all non-jurisdictional defenses which he might have raised. Gillespie v. United States, 7 Cir., 409 F.2d 511, 513 (1969).

■ Defendant, however, asserts that his plea was not voluntary since the district court did not inquire whether he understood the nature of the charge and whether there were facts to support the plea. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), interprets Rule 11, Federal Rules of Criminal Procedure, to require such inquiry. However, Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), denied retroactivity to *McCarthy* which was decided April 2, 1969. Defendant's plea here was entered on October 9, 1968.

We note that while the district court did not make a formal inquiry concerning the defendant's understanding of the charge and the existence of facts to support the plea, there is ample evidence in

the record showing such understanding and such facts. Defendant's memorandum in aggravation and mitigation is before us as part of the record on this appeal. Appended to the memorandum is a statement given by defendant to his own attorney wherein he admits that Stanley wrote out a "prefabricated" story for him which he repeated "word for word" in the *Dillon* trial. He said "that story wasn't true." Also appended is a statement given by defendant over a year before he entered his guilty plea in which he outlines the circumstances leading to his perjured testimony and says, "I committed perjury throughout most of my testimony in the Stanley [Dillon] trial and I desire to plead guilty to this." Attached to the memorandum are letters defendant voluntarily wrote to federal prosecuting and investigating authorities. These contain further statements indicating his clear understanding of the perjury he had committed and of his eagerness to use such admissions for bargaining purposes. We need not here pursue further the details set out in the memorandum. It is obvious that Rook knew what he was about when he entered his guilty plea.

Since *McCarthy* is inapplicable, we conclude that the district court did not err in accepting defendant's plea in the circumstances of this case. United States v. Rizzo, 7 Cir., 362 F.2d 97 (1966). *See also,* Robins v. United States, 7 Cir., 413 F.2d 1290 (1969). It seems clear from the facts noted above that the Government has discharged its "burden of demonstrating from the record that the guilty plea was voluntarily entered into with an understanding of the charge" as required in cases where *McCarthy* does not apply. Stetson v. United States, 7 Cir., 417 F.2d 1250, 1252 (1969).

Finally, defendant contends that his sentence is too severe. Except in the most extraordinary circumstances, we have no jurisdiction to set aside a sentence imposed by the district court. Simpson v. United States, 7 Cir., 342 F.2d 643, 645 (1965). We find no such extraordinary circumstances in the instant case.

Defendant's reliance on United States v. Wiley, 7 Cir., 278 F.2d 500, 503 (1960) is misplaced. *Wiley* is inapposite here, if for no other reason than that we are not faced with a disparity in sentencing. Rook was the sole defendant in the instant case. Even so, it is clearly settled that the "single fact of the disparity of the sentences" does not necessarily bring a case "within the exceptional category that may call for the exercise of the appellate court's supervisory control." United States v. Melendez, 7 Cir., 355 F.2d 914, 917 (1966); Simpson v. United States, *supra.* Further, it now becomes clear that the net result of the *Wiley* opinion, much cited by unhappy defendants, is that a district court may not preclude consideration of probation solely because a defendant had pleaded not guilty. That is not this case.

Pursuant to the provisions of the Criminal Justice Act of 1964, we appointed Mr. Michael Van de Kerckhove, a member of the Chicago Bar, to represent defendant on this appeal. We thank him for his able and dedicated service to his client and the court.

The judgment of conviction and sentence is affirmed.

Affirmed.