UNITED STATES of America, Appellant,

v.

**Jimmy Edward COLE, Appellee.**

UNITED STATES of America, Appellant,

v.

**Hubert Winston CRAIG, Appellee.**

Nos. 85–5152(L), 85–5153.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 8, 1985.

Decided March 10, 1986.

Rehearing and Rehearing En Banc Denied April 21, 1986.

Clifford Marshall (Charles R. Brewer, U.S. Atty., James R. Fitzner, Asst. U.S. Atty., Asheville, N.C., on brief), for appellant.

Ronald W. Howell (Robert B. Long, Jr., Long, Howell, Parker & Payne, Asheville, N.C., Gerald Collins, on brief), for appellees.

Before ERVIN, Circuit Judge, HAYNSWORTH, Senior Circuit Judge, and WARRINER, United States District Judge for the Eastern District of Virginia, sitting by designation.

ERVIN, Circuit Judge:

The government appeals the district court's dismissal of indictments against defendants for perjuring themselves before a federal grand jury. The district court dismissed on the grounds that the indictments failed to state adequately the materiality of the alleged false testimony. Because we find that materiality was adequately stated and that the indictments, therefore, were sufficient, we reverse.

In January 1984 and January 1985 federal grand juries were empanelled in Asheville, North Carolina to investigate election fraud in Cherokee County. The grand juries heard testimony from among others, Jimmy Cole and Hubert Craig, concerning the use of liquor to buy votes. Cole and Craig were questioned about their involvement in the purchase of a certain amount of liquor on election eve, November 1982. Subsequently, a federal grand jury indicted Cole and Craig for perjury before the grand jury under 18 U.S.C. § 1623(a) (1982).

For testimony to violate § 1623(a), it must be material. Accordingly, the indictments alleged that defendants "while under oath appearing before a federal grand jury for the Western District of North Carolina gave false material testimony by answering the following questions in the indicated manner." The indictments also quoted the questions and the alleged false answers. The indictments did not state the nature of the grand jury proceedings or how the testimony was material to those proceedings.

Defendants moved that the indictments be dismissed as insufficient under Fed.R. Crim.P. 7 for failing to state adequately the materiality element. After allowing the government to submit bills of particulars, which stated the nature of the grand jury proceedings, the district court dismissed the indictments. The government appealed.

The issue in this case is whether an indictment for perjury under § 1623(a) must state on its face how the testimony is material or whether the simple allegation that it is material is sufficient. In a case involving an early perjury statute, the Supreme Court recognized: " 'It is undoubtedly necessary that it should appear on the face of the indictment that the false allegations were material to the matter in issue. But it is not requisite to set forth all the circumstances which render them material;

the simple averment that they are so, will suffice.'" *Markham v. United States,* 160 U.S. 319, 325, 16 S.Ct. 288, 291, 40 L.Ed. 441 (1895) (quoting 2 Chitty's Criminal Law 307). More recently, several of our sister circuits also have ruled that an indictment for perjury is sufficient if it simply alleges that the testimony was material. *See United States v. Crippen,* 579 F.2d 340, 341 (5th Cir.1978), *cert. denied,* 439 U.S. 1069, 99 S.Ct. 837, 59 L.Ed.2d 34 (1979); *United States v. Rook,* 424 F.2d 403, 405 (7th Cir.) *cert. denied,* 398 U.S. 966, 90 S.Ct. 2180, 26 L.Ed.2d 550 (1970); *Gebhard v. United States,* 422 F.2d 281, 285 (9th Cir.1970); *Travis v. United States,* 123 F.2d 268, 270 (10th Cir.1941).

 The indictments here alleged that the testimony was material. Thus, they adequately stated the materiality element of perjury and overall, constituted sufficient indictments. Defendants were apprised sufficiently of the charge against them so that they could prepare a defense. *See United States v. Duncan,* 598 F.2d 839, 848 (4th Cir.), *cert. denied,* 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979) (standard for sufficient indictment). Any deficiency of notice actually perceived by them was cured by the bills of particulars.[1] *Cf. id.* In the district court and on appeal the parties contested, *inter alia,* whether in fact the testimony was material. That is a question properly left for trial and does not bear on the sufficiency of the indictment. Accordingly, the district court is reversed.

REVERSED.

1. In *Russell v. United States,* 369 U.S. 749, 770, 82 S.Ct. 1038, 1050, 8 L.Ed.2d 240 (1962), it was explicitly stated that "a bill of particulars cannot save an invalid indictment." The principle, however, is inapplicable here, for we have held that this indictment was valid.

In *Russell,* there had been an indictment under 2 U.S.C. § 192 for refusal to answer a question pertinent to a congressional inquiry. The indictment, however, did not allege the purpose of the congressional inquiry, and interested parties were in substantial disagreement about its purpose. Since there had been no finding of

the purpose of the inquiry, it appeared that the grand jury had not found that the question was pertinent to the purpose of the inquiry. In contrast, here there is no doubt that the grand jury understood that the earlier grand jury investigation was for voting fraud.

If the grand jury had not found all elements of the offense, the indictment is invalid and the defect may not be cured by a bill of particulars. Here, the indictment was valid and the bills of particulars serve the useful function of complete notice to the defendants of the charges upon which they were to be tried.