**FLYNN v. UNITED STATES.**

No. 11720.

United States Court of Appeals
Ninth Circuit.

Jan. 10, 1949.

Rehearing Denied Feb. 4, 1949.

Arthur Lee Flynn, in pro. per.

James M. Carter, U. S. Atty. and Ernest Tolin, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before DENMAN, Chief Judge, and STEPHENS and BONE, Circuit Judges.

STEPHENS, Circuit Judge.

Arthur Lee Flynn was indicted by a United States Grand Jury in four counts for falsely representing himself to be a United States officer, 18 U.S.C.A. § 76.[1] Upon trial he was acquitted upon all counts and subsequently he was indicted in seven counts for perjury, 18 U.S.C.A. § 231[2] allegedly committed in the course of the trial to which reference has just been made. He was tried upon the perjury accusations by a court and jury, and the jury returned a single verdict which specifically stated that the jury found him guilty of each separate count of the indictment. Thereafter he was adjudged guilty and was sentenced to a federal penitentiary for three years and sentenced to pay a fine of one cent upon each count of the indictment, all terms of imprisonments and all fines to run concurrently. Flynn appealed to this court.

In due course Flynn made a motion to remand the case to the trial court under the authority of Rules 17 (subpœnas) and 28 (expert witnesses) of Criminal Procedure, 18 U.S.C.A.

In support of the motion Flynn has filed a long statement of fact in affidavit form purporting to show his innocence. They are not statements of newly discovered evidence, but are detailed statements which, if material and competent, should have been introduced in the trial. The petitioner requests the issuance of various subpœnas, but unless a new trial is ordered they would be useless. He requests the issuance of a writ of habeas corpus ad testificandum and his release from incarceration and from all consequences of the conviction.

Insofar as the motion is intended as a petition to this court for the issuance of the writ of habeas corpus, it is sufficient to say that this court is without jurisdiction to issue such writ. The motion is denied and the petition is dismissed.

We now give attention to the appeal.

Prior to the opening of the trial, defendant moved the court for a continuance and for subpœnas to issue under Rule 17, Rules of Criminal Procedure, but the motion was denied. At the conclusion of the Government's evidence in chief, defendant made a motion for an acquittal which motion was denied. After the verdict had been returned by the jury, defendant made a motion for a new trial and for arrest of judgment. Both of these motions were denied.

Appellant contends that all of the indictments are bad for the reason that it is not specifically stated in them that the testimony alleged to have constituted perjury is false. We have examined each count of the indictments and the three necessary elements are present in all of them. First, the counts are substantially in the language of the statute; second, the counts adequately inform the accused of the acts

---

[1] "(Criminal Code, section 32.) Falsely pretending to be United States officer. Whoever, with intent to defraud either the United States or any person, shall falsely assume or pretend to be an officer or employee acting under the authority of the United States, or any department, or any officer of the Government thereof, and shall take upon himself to act as such, or shall in such pretended character demand or obtain from any person or from the United States, or any department, or any officer of the Government thereof, any money, paper, document, or other valuable thing, shall be fined not more than $1,000, or imprisoned not more than three years, or both." [1948 Criminal Code, 18 U.S.C.A. § 912].

[2] "(Criminal Code, section 125.) Perjury. Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, shall willfully and contrary to such oath state or subscribe any material matter which he does not believe to be true, is guilty of perjury, and shall be fined not more than $2,000 and imprisoned not more than five years." [1948 Criminal Code, 18 U.S.C.A. § 1621].

and the offenses of which he is charged; and, third, the counts are stated in terms to protect the accused from the danger of being put in double jeopardy.

■ The appellant bases his contention that the counts of the indictment are bad upon the fact that the word "false" is not used in describing the nature of the testimony alleged to constitute perjury. The indictment is drawn in accord with Rule 7(c), Federal Rules of Criminal Procedure, which we quote in part: "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."

It is recited in each count of the indictment that " * * * while so testifying under oath said defendant [appellant] did wilfully and contrary to such oath state in open court certain material matters which he did not believe to be true." Appellant's testimony is then described and alleged facts are then stated in the indictment which are exactly contrary to the testimony, with the further statement that appellant well knew the alleged facts to be true. In short, if appellant knew the facts, as they were alleged in the indictment, were true, the facts as related by him could not be true. We are of the opinion that this method of alleging the testimony of the accused to be false and corrupt was as effective as though the words "false" and "corrupt" had been used.

■ It is also claimed that the counts in the indictment are defective because they do not charge that the false testimony was given "feloniously and corruptly" and Hogue v. United States, 5 Cir., 184 Fed. 245, 247 and Wharton's Criminal Law, Vol. 2, § 1552, are cited in support. The indictment in the cited case uses the terms "feloniously and corruptly", but there is no point in the case in reference to them. The case does discuss the requirement that the allegations must clearly inform the accused of the crime with which he is charged and that the falsity and materiality of the testimony must be charged. We have not examined the Wharton reference for the reason that it could not require a federal court to follow any text rule which is contrary to the applicable federal statute.

We hold that the falsity of the testimony given and which is claimed to constitute perjury is sufficiently alleged in the several counts of the indictment. The matter of materiality will be referred to in a subsequent part of this opinion.

■ Before the date set for the trial of the case, appellant made a motion for the issuance of a subpœna, under Rule 17, Rules of Criminal Procedure, and for a continuance, but the court denied it without prejudice. Before going to trial appellant made a motion that the case be continued because certain letters had not been received or witnesses subpœnaed, and this motion was renewed at the close of the Government's case in chief.[3] At the conclusion of the Government's case appellant made a motion in which he requested an instruction of acquittal for lack of sufficient evidence

[3] At the opening of the trial both parties informed the court that they were ready to proceed but before the jury was called Mr. Bell, the assistant District Attorney, and appellant with his counsel, Mr. Green, approached the bench and conferred with the Judge Presiding. Mr. Bell stated that Mr. Green had asked him to obtain a certain letter from the assistant Attorney General in charge of pardons which had been written him by a Mr. Eustace, District Attorney at Dallas, Texas, under date of February 12, 1942. Accordingly he wrote as requested but informed Mr. Green that he would object to its admission if the letter was received. With this statement, which we have abbreviated, Mr. Green stated that that was what he wanted in the record. Mr. Bell then stated that he had written as requested for the letter and also for letters and documents which Mr. Green had requested be sent from the United States Attorney in Texas, that no such letters or such documents had been received but that a telegram received from the Texas District Attorney stated that no letter as described was in the files. Mr. Green then asked if there would be objection to photostatic copy of letters should they arrive and Mr. Bell answered in the negative. The trial then proceeded. At the close of the Government's case, appellant again moved for a continuance upon the ground that he could not safely proceed without the Eustace letter

to sustain a verdict of guilty, and after return of the verdict he moved for a new trial and for arrest of judgment upon the same ground and upon the ground that the indictment was wholly bad. All of these motions were denied and we think properly so.

■ Appellant claims the alleged perjured testimony was not material to the issues being tried and that the testimony in the case does not support the verdict of guilty as to any count of the indictment. There is no denial of the fact that the testimony allegedly perjurous was actually given in the case. The trial at which the alleged perjured testimony was given was upon an indictment containing four counts, each of which charged appellant with impersonating a special agent of the Federal Bureau of Investigation and that in such pretended character he obtained various sums of money from Harry O. Wetzel. It is alleged in the instant case that appellant received the sums of money on the dates mentioned, each sum being alleged in counts one to seven as follows: $15 on November 30, 1946, $10 on December 2, 1946, $35 on December 3, 1946, and $136 on December 3, 1946.

The evidence involves several "impersonation" cases, therefore, for clarity, the case in which the alleged perjury was committed will be referred to as the "F.B.I." impersonation case.

It will be remembered that there was a conviction on each count of the indictment specifically and that the sentence on each conviction is the same and within the statute and ordered to run concurrently. In the circumstances, the judgment cannot be reversed if the judgment as to any one count is valid. In Claassen v. United States, 142 U.S. 140, at page 146, 12 S.Ct. 169, 170, 35 L.Ed. 966 it is stated: "This count [the first count of the indictment], and the verdict of guilty returned upon it, being sufficient to support the judgment and sentence, the question of the sufficiency of the other counts need not be considered." The courts have generally followed this principle and the Claassen case is the source from which many like expressions have flowed. See Samuel v. United States, 9 Cir., 169 F.2d 787 [decided by this court August 24, 1948] for full discussion of the subject. See also 40 U.S.Stat. 1181, Federal Rules, Criminal Procedure, Rule 52(a), 18 U.S.C.A., and 28 U.S.C.A. § 391,[4] note 189 under topic "Harmless Error".

We treat count one of the instant case.

■■ In the trial wherein appellant was accused of obtaining money by representing himself as an F.B.I. special agent, appellant took the stand and gave testimony in his own behalf. The prosecution sought to affect the credibility of the witness by asking him if he had not been convicted of the charge of impersonating a federal employee in the United States northern district court of Texas, in Dallas on June 19, 1941, to which appellant answered in the negative. Upon being shown an exemplified copy of the judgment reciting that "Arthur L. Flynn" was so convicted, the appellant testified that he was not the "Arthur L. Flynn" named in the judgment. The exemplified copy of judgment was introduced into evidence. A deputy United States Marshal testified that he was present at the trial and saw appellant there, that appellant was the defendant and that he did see him in Dallas, Texas, in June 1941. There was other testimony to the same general effect and appellant in the instant or perjury trial admits the facts except that he claims he was answering questions which he thought related to the year 1942 instead of 1941. Appellant testified

---

which he said "set forth, in effect, that the defendant had never been convicted of a felony in the State of Texas." Mr. Bell then presented a letter he had received from the District Attorney at Dallas, Texas, stating that he could find no letter from Eustace to the pardon attorney but he was forwarding a certified copy of the judgment of the court in the case No. 10110 Criminal. The court refused to continue the case and, it seems to us, that this recital so clearly indicates that the ruling was correct that nothing further need be said on the point. We again refer to the situation above related when we treat specifically of Count One of the indictment.

[4] Former section 391 of 28 U.S.C.A., repealed by Act June 25, 1948, c. 646, § 39, 62 Stat. 992.

at length about an attempt to secure a pardon. That the court in which he was convicted set the conviction aside as though it never happened, that he believed therefore he had never been convicted. It is very difficult, if not impossible, to learn from the transcript what actually happened after appellant had been sentenced. It appears that the trial court issued some sort of order upon which appellant was released from incarceration. There is no evidence, however, to the effect that the conviction was voided.

Appellant claims that a certain letter was written by the District Attorney of Dallas, Texas, to the United States assistant Attorney General in charge of pardon matters, relating to the subject of a pardon for appellant for the conviction had at Dallas, Texas, and that such letter was to the effect that appellant had not been convicted at Dallas, Texas.[5] He further claimed that the United States District Attorney at Los Angeles had promised to produce such letter but had not done so. A postponement of the trial was therefore requested until such letter was produced. The District Attorney informed appellant and the court that he had no such letter, that he had made an unsuccessful effort to get it. He claimed, however, that it would be immaterial anyway. There was no showing that such a letter ever could be produced and there was no attempt to establish its contents by secondary evidence. Appellant testified that he relied, in part, upon its contents when he testified in the F.B.I. impersonation case that he had never convicted in Dallas, Texas. Whether or not the letter, if it had been produced, would have been material or relevant, the court committed no error in refusing the postponement requested.

We hold: That the certified copy of the judgment of conviction was competent evidence to support the fact that appellant was convicted in Dallas, Texas, of a like offense to the one for which he was on trial when he stated from the witness stand in the F.B.I. impersonation case that he had never been so convicted. That there was competent evidence in the instant case that appellant was in Dallas, Texas, in the year 1941 and that he stated from the witness stand in the F.B.I. impersonation case that he had never been in Dallas, Texas, during such year, the year in which he claims he was not convicted of impersonating an officer. That there was competent evidence that appellant was the Arthur L. Flynn whose conviction was shown by the exemplified copy of the judgment of conviction in Dallas, Texas, in 1941, and that appellant testified in the F.B.I. impersonation case that he was not such person. That there was no reversible error committed as to this count and that the evidence supports *the verdict and the judgment of guilty.*

We have examined the record with appellant's points in mind as related to the whole case, and we cannot say that an injustice has been done.

Affirmed.

5 The details of this subject matter are fully set out in note 3.