UNITED STATES of America, Plaintiff,

v.

Phillip BERTMAN, Defendant.

Crim. No. 82–01218.

United States District Court,
D. Hawaii.

Dec. 22, 1983.

---

Daniel A. Bent, U.S. Atty., Paul Laskow, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff.

Michael Levine, Federal Public Defender, Honolulu, Hawaii, for defendant.

### ORDER DENYING MOTION TO RECONSIDER

PENCE, District Judge.

The defendant in this case, Phillip Bertman, has asked this court to reconsider its earlier decision refusing to dismiss his perjury indictment and to enter a new order dismissing the indictment. For the reasons laid out here, this court declines to reconsider its earlier decision.

The gravamen of Bertman's complaint is that the indictment that charged him with making false statements before the grand jury did not contain a paragraph setting out what the objective truth was. Bertman's earlier arguments on this point were considered and rejected by this court at a hearing on November 3, 1983, with the result that Bertman's motion to dismiss the indictment was unsuccessful. But now Bertman has reappeared with new ammunition. He relies on *United States v. Cowley*, 720 F.2d 1037 (9th Cir.1983), a November 15, 1983 decision of the Ninth Circuit Court of Appeals. In *Cowley*, the appellate court reversed two codefendants' perjury convictions because the indictments were insufficiently clear as to what the alleged perjury was.

■ This court does not read *Cowley* as mandating dismissal of the indictment against Bertman. It is true that at one point in the *Cowley* opinion the Court of Appeals stated that reversal of the perjury conviction was necessary because "Count 4 [of the indictment] fails to set out in 'stark contrast' the allegedly false statements and the objective truth." At 1044. But it is also true that the indictments at issue in *Cowley* were based on exchanges before the grand jury that were extremely ambiguous. For example, one count of one of the indictments was based on the following questions and answers:

Q. Other than these four items ... do you have any other records in any way relating to Mr. Paige, Dalziel, Zenith Petroleum, Jack Holland, Jr., Perlman, Templeton Company?

A. Nothing.

Q. Have you prior to date of service of the subpoena any other records relating to those records, entities or persons?

A. No.

Appellant there argued that the answers could not be perjurious because the questions were ambiguous; the inquiries could have been construed as asking whether appellant had brought the records referred to with him to the grand jury room. The Court of Appeals found appellant's argument plausible. It ruled that "a jury could not conclude beyond a reasonable doubt that St. Clair [the defendant] understood the question as did the government .... Therefore, the conviction may not stand." At 1043–1044. It is apparent to this court that the real concern in *Cowley* was that the indictment was so ambiguous that defendants were unable to discover the nature of the charges against them. The rule of *Cowley* is that where the answers to such ambiguous questions are alleged to be perjurious, the indictment should set out both the alleged falsehood and the objec-

tive truth so that the accused may adequately form his defense.

The *Cowley* rationale simply does not apply in the case now before this court. The indictment in this case is clear. Count One is based on the following question and answer:

Q. I'm going to ask you again, sir. Have you ever been involved in a narcotics transaction in the State of Hawaii?

A. I've never been involved in a narcotics transaction in the State of Hawaii, of Oahu, of Hawaii.

Count One then alleges that the defendant knew that this declaration was false as to a material fact. This count is perfectly clear. The question was not ambiguous, nor was the answer; the allegation of falsehood is self-explanatory. A jury could easily find that Bertman understood the question in the same way as the government did.

Count Two of the indictment is based on this exchange:

Q. Now, the envelope that you gave to the informant was—

A. Same thing.

Q. Same thing?

A. What was in that envelope, nothing. My medication had been in it for my heart.

Count Two then charges that Bertman knew this answer to be false as to a material fact. Here, again, the requisite "stark contrast" is apparent. By alleging that the answer was false, the count makes clear what the objective truth was; i.e., that the envelope had contained something other than Mr. Bertman's heart medication. Again, a jury could certainly conclude beyond a reasonable doubt that Bertman and the government both understood the question in the same way.

Finally, Count Three of the indictment is founded upon the question and answer:

Q. Who was the person you referred to as your source of supply, identifying by the first name of Bobby, when you talked to the undercover agent?

A. Mr. Bent, I have never in my life dealt in dope. I've never referred to anyone as my source of supply.

Count Three then alleges that the defendant knew this answer to be false as to a material fact. Count Three, like Counts One and Two, is clear enough to escape the fate of the indictments in *Cowley*. The allegation of falsehood is enough to indicate the nature of the charge against which Bertman needed to defend.

The long-established standard for sufficiency of indictments in the Ninth Circuit is as follows: "First, the counts are substantially in the language of the statute; second, the counts adequately inform the accused of the acts and offenses of which he is charged; and third, the counts are stated in terms to protect the accused of being put in double jeopardy." *Flynn v. United States*, 172 F.2d 12, 13 (9th Cir. 1949), *cert. denied*, 337 U.S. 944, 69 S.Ct. 1499, 93 L.Ed. 1747 (1949).

■ This court interprets the recent *Cowley* decision as a refinement of the second *Flynn* requirement. The rule of *Cowley* must be followed where perjury indictments are based on ambiguous questions and answers. Where, as here, the questions and answers are not ambiguous, the more general standard applies, and it is enough that the counts adequately inform the accused of the acts and offenses of which he is charged.

The perjury indictment now before this court satisfies the test set out in *Flynn*. This court finds the *Cowley* rationale inapplicable to the facts in this case. The motion to reconsider is therefore DENIED.