UNITED STATES of America,
Plaintiff,

v.

Thomas Scott EWERT, Defendant.

No. 73 Cr. 247.

United States District Court,
E. D. Wisconsin.

Jan. 23, 1974.

David B. Bukey, U. S. Atty. by Steven C. Underwood, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Cook & Franke by Francis R. Croak, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved to quash the perjury indictment in this case, alleging

that it is defective on its face. He has also moved to quash on the grounds that the grand jury was "contaminated by the presence of two unauthorized persons" during the defendant's testimony. An evidentiary hearing is requested with respect to the latter motion.

The indictment states that the grand jury was investigating the use of a "blue box" by one Richard Gardner as part of its inquiry into potential violations of 18 U.S.C. § 1343. It charges that the defendant gave false answers to questions put to him concerning his knowledge of Mr. Gardner's use of such blue box. Materiality is both shown by an explanation of the proceedings and alleged in summary form.

Specific questions and answers set forth in the indictment are as follows:

"Q. That's right, you were there when he made a call, right?

"A. No.

"Q. You were never there when he made a telephone call?

"A. No."

It is urged by the defendant that the questions are defective in that they refer to "he" rather than Mr. Gardner. This is without merit. The indictment describes the context in which the questions were asked and thereby indicates that the identity of the person referred to by the pronoun was understood by the defendant.

It is also urged that the use of the word "never" in the second question, followed by the response "no" in the answer, has the double negative effect of creating an affirmative answer to the question. I do not believe the grand jury is bound by such grammatical niceties. They obviously interpreted the defendant's answer as consistent with his first answer and were not confused by its technical literal meaning. Such usage is extremely common.

Finally, the defendant charges unpersuasively that the questions were unclear in that neither referred to a blue box. The context of the questions is alleged.

Thus, the indictment must stand. Materiality is adequately alleged, and the questions are not obviously ambiguous. United States v. Rook, 424 F.2d 403 (7th Cir. 1970), cert. denied 398 U. S. 966, 90 S.Ct. 2180, 26 L.Ed.2d 550 (1970). Any misunderstanding the defendant may have had as to the nature of the questions because of use of the pronoun "he", the absence of specific reference to a blue box or inclusion of the word "never" may be raised as a matter of defense at trial. United States v. Lattimore, 94 U.S.App.D.C. 268, 215 F.2d 847, 853 (1954).

With respect to the second motion to quash based on the allegedly prejudicial unauthorized presence of persons during the grand jury's proceedings, I am unable to take any action at this time. I must first be informed of the accuracy of the charge, the reasons for the individuals' presence, their conduct while present, the basis for the defendant's claim of prejudice and authorities supporting his claim of entitlement to the relief requested. However, I am not prepared to say than an evidentiary hearing is presently required. Counsel first must meet and make a good faith attempt at stipulating to the factual matters. At that same meeting, they are directed to attempt to reach agreement on the defendant's request for certain grand jury testimony.

Following such meeting, counsel are directed to advise the court as to the necessity of an evidentiary hearing and their estimates as to time needed. If they have been able to obviate the necessity of a hearing by stipulating the facts, counsel are to advise me of their proposals for a briefing schedule on the remaining motions. In either event, counsels' written report is to be submitted to the court by February 8, 1974.

Therefore, it is ordered that the defendant's motion to quash the indictment for failure to set forth essential facts constituting the offense of perjury be and hereby is denied.